Lydia Sisk of Desloge, St. Francois County, Missouri, files her petition in this court, alleging that her daughters Lester Sisk, aged sixteen years, and Gladys Sisk, aged fourteen years, are wrongfully restrained of their liberty by Elizabeth Wilkinson, Superintendent of the State Industrial School for Girls at Chillicothe, County of Livingston, and prays that said Elizabeth Wilkinson be commanded to bring the bodies of said children before this court for inquiry into the cause of their detention.
In response to our writ issued thereupon, Elizabeth Wilkinson made her return to this court, alleging that the girls were committed to the State Industrial School January 20, 1924, by commitments issued by the Clerk of the Juvenile Division of the Circuit Court of St. Francois County, Missouri, certified copies of said commitments *Page 330 
and of the judgments of conviction being attached to the return.
One of these certified copies shows that January 24, 1924, in the Juvenile Division of the Circuit Court, before the Honorable Peter H. Huck, Judge of the Twenty-seventh Judicial Circuit of Missouri, of which St. Francois County is a part, in the case of State of Missouri v. Gladys Sisk, the defendant appeared in person, and, in the presence of her attorney in open court, was found guilty of being incorrigible, as charged in the petition in said cause, and being asked by the court if she had any legal cause to show why judgment should not be pronounced against her according to law, and failing to show such cause, it was ordered and adjudged by the court that Gladys Sisk, having been found guilty, be confined in the State Industrial Home for Girls of Missouri, for a period of five years from December 26, 1923. Then follows the order directing the sheriff to commit her to said institution.
A like judgment and commitment in due form in case of State v. Lester Sisk, is attached to the return.
The petition of the relator, apparently anticipating the effect of the return, also sets out copies of the judgments and alleges that the said judgments were rendered without a hearing, and that the said circuit judge was without jurisdiction to render said judgments and order said commitments.
It is further alleged that R.C. Tucker, probation officer for the Juvenile Division of the Circuit Court of St. Francois County, filed a petition, copy of which was attached to this petition, in which he stated that the said Lester and Gladys Sisk were delinquent children, had become incorrigible, and were in danger of becoming common prostitutes; that the said Lester Sisk and Gladys Sisk, having voluntarily appeared before the Juvenile Division of the said court, the said Tucker made an investigation and caused said children to be committed to the jail of St. Francois County, and afterwards paroled *Page 331 
said children to their mother, the petitioner in this case. That afterwards, in January, 1924, Gladys Sisk was arrested without warrant and taken into the custody of the sheriff of said county, and on the said day said Tucker made another recommendation to the said Peter H. Huck, judge of said court, and asked that both girls be committed to the Industrial School at Chillicothe until they arrived at the age of twenty-one years, each, and upon these recommendations, without any hearing having been afforded to either of said girls, a judgment was entered upon the records of said court by the said clerk, and the commitments issued as aforesaid. It is then alleged that Peter H. Huck, the duly elected and qualified judge of the Twenty-Seventh Judicial Circuit, was not present, did not convene the court, was not present at any hearing of said cause in the county of St. Francois, nor was any other judge called by the said Peter H. Huck, and the said judge therefore had no authority to consent to the act of the said Tucker; that the said Lester Sisk and Gladys Sisk never appeared before, nor in the presence of said judge; that the said judge did not examine any witnesses, did not preside at any hearing, and did not personally have knowledge of any hearing which might have purported to find the said Lester Sisk and Gladys Sisk guilty of delinquency and incorrigibility, as alleged in said petition.
These allegations are repeated in various forms at length in the petition. The report of Tucker, Probation Officer, is attached, stating the facts as alleged in the petition.
The petitioner offers to prove the facts stated in the petition.
I. This is a collateral attack upon those judgments, and the question for consideration is whether evidence is admissible to impeach judgments regular on their face, showing theCollateral jurisdiction of the court over the person and theAttack. matter considered. *Page 332 
The record of a court of general jurisdiction imports absolute verity, and may not be impeached in a collateral proceeding by parol evidence to contradict the record. [State v. Taylor, 171 Mo. l.c. 475; Strobel v. Clark, 128 Mo. App. l.c. 56.] Where a record shows a court has rendered judgment nothing can be shown to be out of the jurisdiction of the court save that which affirmatively appears to be so. The judgment may be impeached by other parts of the record, but not by extraneous evidence. [Hamer v. Cook, 118 Mo. 488; Kirkman v. Stevenson, 210 Mo. App. l.c. 386; St. Charles Savings Bank v. Thompson, 210 S.W. l.c. 870.]
II. Where a court's right to assume jurisdiction of a cause depends upon facts in pais, if the court retains jurisdiction it is presumed in a collateral proceeding that the court itself inquired into the facts in relation to jurisdiction, and adjudicated them. [Cobe v. Ricketts, 111 Mo. App. 105, l.c. 112; Crane v. Deacon, 253 S.W. l.c. 1070-1071, and this applies tohabeas corpus cases as well as to others. Ex parte Kayser,47 Mo. 253; 29 C.J. p. 160.] Parties to a judgment may not attack it for fraud in a collateral proceeding. [Kaufman v. Annuity Realty Co., 256 S.W. l.c. 797, and cases cited.]
Here, in the case of each girl, is a judgment reciting that she appeared in court and that her attorney was present and that the court heard the evidence, adjudged her delinquent, and ordered her committed. According to all authorities the judgment solemnly entered in that manner cannot be impeached in a collateral proceeding. It imports absolute verity. The appellant cites the case of Ex parte Creasy, 243 Mo. 679; Ex parte O'Brien, 127 Mo. l.c. 491. These were habeas corpus cases where the prisoner was committed for contempt. This court held that in such case the facts may be inquired into to determine whether there was justification for the judgment of contempt. The reason for that ruling in a contempt *Page 333 
case is fully expounded by Judge KENNISH in the Creasy case.
If the petitioner is able to prove the facts stated in the petition, and if the attack upon the judgment were a direct proceeding brought for the purpose, a different question would be presented.
For these reasons Lester Sisk and Gladys Sisk are remanded to the custody of Elizabeth Wilkinson, Superintendent of the State Industrial School for Girls, at the town of Chillicothe, Missouri. Walker, Ragland, David E. Blair, James T. Blair, JJ.,
and Graves, C.J., concur.