LAWRENCE YOUNG, Petitioner, v. W. C. PARKER, Warden of the Missouri State Penitentiary.—No. 39994.—195 S. W. (2d) 743.

Court en Banc, July 30, 1946.

246

*Scott Peters* for petitioner.

*Gordon Weir,* Assistant Attorney General, for respondent.

 CLARK, C. J.—Original proceeding in this court by habeas corpus filed on June 8, 1946, seeking release of petitioner from the custody of the warden of the state penitentiary. From the pleadings and attached exhibits, we glean the following conceded facts: On February 4, 1941, in the Circuit Court of St. Francois County, petitioner entered pleas of guilty to three separate charges, to wit, first degree robbery, kidnapping, and larceny. On each of the first two charges he was sentenced to life imprisonment and on the other charge to five years in the penitentiary. The judgment and sentence in each case recited that petitioner appeared "in presence of his attorney and counsel." Petitioner has never appealed from or sought review or modification of these judgments.

In July, 1945, petitioner brought a habeas corpus suit in the Circuit Court of Cole County. His petition alleged that he was illegally confined in the penitentiary, located in Cole County, under judgments of the Circuit Court of St. Francois County, which judgments were void because petitioner, in fact, had not been accorded the right to be represented by counsel when he entered pleas of guilty. The warden's return set up the St. Francois County judgments in justification of his restraint of petitioner. After a hearing, the Circuit Court of Cole County found the issues for petitioner and ordered him returned to the Circuit Court of St. Francois County "to be dealt with according to law." On motion of the prosecuting attorney, the St. Francois court again remanded petitioner to the penitentiary under the original judgments rendered in 1941.

 In the instant case in this Court, petitioner's sole reliance is upon the judgment of the Circuit Court of Cole County. He contends that that judgment imports absolute verity and, therefore, is conclusive in the Circuit Court of St. Francois County and

in this Court. In stating that a domestic judgment, fair on its face and rendered by a court with jurisdiction of the subject matter and the parties, is impervious to collateral attack, petitioner states a correct principle of law in the abstract, but, in applying that principle to the instant case, petitioner is "hoist on his own petard." The St. Francois judgments were rendered by a court with jurisdiction of the subject matter and the parties and recite the jurisdictional requirement that petitioner was represented by counsel before sentence. Those judgments import verity and were and are impervious to attack, necessarily collateral, in the Circuit Court of Cole County. The latter court had jurisdiction of the subject matter and the parties, but its own record shows it was without jurisdiction to render the particular judgment it attempted to render, that is, to determine by extraneous evidence and hold that the recitals in the St. Francois County judgments are untrue. Should we hold otherwise the integrity and value of domestic judgments in both civil and criminal cases would be greatly depreciated. Many authorities could be cited; a few will suffice.

In re Lydia Sisk, 305 Mo. 328, 265 S. W. 536, and Flansburg v. Kaiser, Warden (Mo.), 184 S. W. (2d) 1004, decisions of this Court, en Banc, are in point. In each case an application by habeas corpus filed in this Court was denied because it constituted a collateral attack on a judgment and sentence in a circuit court. In the Sisk case we said: "Where a record shows a court has rendered judgment nothing can be shown to be out of the jurisdiction of the court save that which affirmatively appears to be so. The judgment may be impeached by other parts of the record, but not by extraneous evidence."

Petitioner says that the Assistant Attorney General who represented the warden in the Circuit Court of Cole County admitted that the recitals in the St. Francois County judgments to the effect that petitioner was represented by counsel, are untrue. No such admission appears in the record and if it did we could give it no effect, even though the admission had been based on first hand knowledge, which it could not have been. He could not collaterally impeach the judgments either by an admission or by sworn testimony.

Finally, petitioner says that the opinion of the Supreme Court of the United States in Williams v. Kaiser, Warden, 323 U. S. 471, 65 S. Ct. 363, makes an exception as to a judgment and sentence for a capital crime by holding that such a judgment is subject to collateral attack in habeas corpus. We do not so read that opinion. In that case petitioner alleged in his application, filed in this Court, that he was without counsel, did not waive his right to counsel, no counsel was appointed for him and that he was incapable of making his own defense. We denied the application on the ground that it

248

failed to state a cause of action, our undisclosed reason being that the application failed to show a request for the appointment of counsel as required by our statute. [R. S. Mo. 1939, section 4003; Mo. R. S. A.] The United States Supreme Court said, notwithstanding our statute, the petition stated a cause of action, and *that its allegations were not inconsistent with the certified copy of the sentence and judgment which accompanied the petition.* In other words, the judgment in that case did not recite that the petitioner there had been accorded the right to counsel and the opinion holds that he should have been afforded an opportunity in his habeas corpus case to prove that he had been deprived of that right. We see nothing in the opinion in Williams v. Kaiser which holds or intimates that recitals in a judgment, even in a capital case, can be disproved and set aside by extraneous evidence in a collateral proceeding in habeas corpus. There the judgment was silent as to constitutional requirements. Here the recitals in the judgments *are inconsistent* with the allegations of the petition; such recitals are not contradicted by any part of the record of the Circuit Court of St. Francois County, and are binding and conclusive in the collateral proceedings filed by petitioner in the Circuit Court of Cole County and in this Court.

It is hereby ordered that our writ of habeas corpus, heretofore issued herein, be quashed and petitioner remanded to the custody of respondent warden. All concur.