STATE OF MISSOURI at the Relation of BEN B. STEWART, Acting Warden of Missouri State Penitentiary, Relator, v. SAM C. BLAIR, Judge of the 14th Judicial Circuit of Missouri.—No. 40316.

STATE OF MISSOURI at the Relation of BEN B. STEWART, Acting Warden of Missouri State Penitentiary, Relator, v. EMORY E. SMITH, Circuit Judge of the 24th Judicial Circuit of Missouri. —No. 40345.—208 S. W. (2d) 268.

Court en Banc, November 10, 1947.

Rehearing Denied, February 9, 1948.

*J. E. Taylor,* Attorney General, and *Gordon P. Weir,* Assistant Attorney General, for relator.

*Gene Frost, Edw. E. Mansur, Jr.,* and *Sam S. Haley* for respondents.

290

[270] ELLISON, J.—These two consolidated certiorari proceedings were instituted in this court by the acting Warden of the State penitentiary to review, respectively: the record in a habeas corpus proceeding brought by Charles Edgar Cory last year in the circuit court of Cole county, of which the respondent Hon. Sam C. Blair is judge; and the record in another habeas corpus proceeding brought by the same Cory this year in the circuit court of Newton county, of which the respondent Hon. Emory E. Smith is judge. Both habeas corpus proceedings involved the legality of the conviction of Cory on a felony charge, and were conflicting in result. The instant certiorari proceedings challenge the validity of both of them; and seek recapture of the convict.

At the time of the first habeas corpus proceeding Cory was confined in the State penitentiary of Missouri under a conviction and sentence of 99 years by a jury in the circuit court of Newton county in February, 1937. The crime there charged was robbery in the first degree by means of a dangerous and deadly weapon, a capital offense, under Sec. 4453.[1] The prosecution was under the habitual criminal act, Sec. 4854, because of three prior felony convictions of the accused in our State and Federal courts. The aforesaid Newton county robbery conviction was affirmed by this court on the record proper, in December, 1938, State v. Cory, 123 S. W. (2d) 541. Matters of exception were not considered since no bill of exceptions had been brought up.

---

[1]References to our statutes are to R. S. Mo. 1939, and to same section numbers in Mo., R. S. A., unless otherwise noted,

Nearly eight years thereafter Cory brought the habeas corpus proceeding first mentioned above in Cole county, against the then acting Warden of the State penitentiary, which is located in that county, seeking his discharge on the ground that the Newton county robbery conviction was invalid. No notice of that proceeding was ever given to any officer of Newton county. After a trial in October the respondent Judge Blair, on December 7, 1946, found and adjudged that the robbery conviction was wholly void and illegal because Cory had been denied due process of law therein, in that he had not been accorded an adequate opportunity to prepare and present his defense. Accordingly it was ordered and adjudged that Cory be remanded to the custody of the sheriff of Newton county, there to be dealt with according to law—meaning that he be held for another trial on the robbery charge.

[271] It appears from an agreed statement of facts in the certiorari proceeding against Judge Smith, that at first he acquiesced in the Cole county habeas corpus proceeding. For three days thereafter, on December 10, 1946, he entered an order reciting the basic facts of that proceeding, and directing the sheriff of Newton county to bring Cory from the penitentiary to that county and there to commit him to the county jail for safe keeping until the further order of the court. The order further directed the Warden to deliver Cory to the sheriff. All this was done.

But on January 23, 1947, Cory instituted the second habeas corpus proceeding mentioned in the beginning, in the Newton county circuit court, alleging he was being restrained of his liberty by the sheriff without warrant, commitment or other process of law; and that he was entitled to discharge. The writ was made returnable January 29, 1947. During the intervening six days Cory was arraigned before a justice of the peace of Newton County and waived preliminary hearing on the robbery charge. His bond was fixed at $5,000 but he was unable to give it, and was committed to jail. The sheriff's return to the writ of habeas corpus gave as his authority for Cory's detention both the aforesaid order made by Judge Smith on December 10, and the commitment issued by the justice of the peace.

In that second habeas corpus proceeding Judge Smith ruled on February 7, 1947, that Judge Blair had no jurisdiction in the first habeas corpus proceeding, in Cole County, to render the aforesaid particular judgment nullifying the Newton County robbery conviction on the ground that Cory had been denied an adequate opportunity to prepare and present his defense therein. The theory of Judge Smith's decision was: that the conviction in that case had been affirmed by this court in State v. Cory, supra, 123 S. W. (2d) 541; and that Judge Blair necessarily must have gone outside the record and considered extraneous evidence in rendering the judgment entered—which could not be done under the holding in Young

v. Parker, 355 Mo. 245, 195 S. W. (2d) 743, 744(1), recently theretofore decided by this court en banc.

Nevertheless, Judge Smith further held in this second habeas corpus proceeding that: since the jurisdiction of his own court was merely co-ordinate with that of the Cole County circuit court; and since his court must recognize the judgments of all such co-ordinate courts as importing absolute verity; therefore he was powerless to overturn the judgment of the Cole County circuit court remanding Cory to the Newton County circuit court for retrial. But on the other hand he held: that since the Newton County circuit court had already "properly" tried, convicted and committed Cory to the penitentiary on the robbery charge; and since this (Supreme) court had affirmed that conviction; therefore there could be no *retrial* of that issue. And yet he further held that since the co-ordinate Cole County circuit court had *discharged* Cory from the penitentiary, the Newton county circuit court could not *recommit* him to that prison under the former conviction—at least not in a habeas corpus proceeding. And so the judgment entered in this second, or Newton County habeas corpus proceeding, was simply for the complete release and discharge of Cory. So much for the basic facts.

The first legal question presented here is raised by a motion to dismiss the certiorari proceeding against Judge Smith on the ground that the relator Warden has no legal capacity to prosecute it—for two reasons. That proceeding assails the second habeas corpus proceeding below, and Judge Smith's counsel first contend the Warden cannot ask to have that habeas corpus proceeding reviewed because he was not a party to it, which latter is true. The second reason assigned is that when Judge Blair in the first habeas corpus proceeding discharged the convict Cory from the penitentiary and remanded him to the Newton County circuit court for retrial, the cause stood on the docket of that court as if it had never been tried [citing State v. Stroemple, 355 Mo. 1147, 199 S. W. (2d) 913, 914(1)] in consequence of which Cory was purged of his prior status as a convict; [272] the Warden lost all official connection with the case; and ceased to have any legal interest in it.

Of the five cases cited by counsel for Judge Smith in support of these contentions, we need notice only the three listed below.[2] The Wurdeman case merely held that when the Attorney General applies for a writ of certiorari it will ordinarily be issued as a matter of course. The right of the warden of the penitentiary to apply for the writ was not considered. But in the Westhues case the writ was issued on application of *both* the Attorney General and the warden as relators. The Skinker case is the only one calling for discussion.

[2]State ex rel. Barker v. Wurdeman, 254 Mo. 561, 569(1), 163 S. W. 849, 850(1); State ex rel. Gentry v. Westhues, 315 Mo. 672, 286 S. W. 396; State ex rel. Shartel v. Skinker, 324 Mo. 955, 25 S. W. (2d) 472.

In that case a convict had been taken from the penitentiary under a writ of habeas corpus to testify in a trial in southern Missouri and had there escaped. Later, he was apprehended and held by a sheriff in Wright County to be returned to the penitentiary for service of the remainder of his sentence. He brought habeas corpus against the sheriff in that county and was discharged. Thereafter the Attorney General brought certiorari in this court to review that proceeding. He maintained it was void because it was brought against the sheriff as respondent, whereas the warden of the penitentiary would have been the only proper respondent since he alone had legal custody of the convict; but that if he had been made respondent the habeas corpus proceeding would not have been jurisdictionally maintainable against him in Wright county, for the reason that the legal situs of his custody of the convict was in another county (Cole) where the penitentiary is located. This court overruled that contention, holding the sheriff, who had actual custody of the prisoner in Wright county, was a proper respondent in the habeas corpus proceeding, thereby vesting jurisdiction in the circuit court of that county.

It may be freely conceded that the sheriff in that case was a proper respondent in the habeas corpus proceeding in Wright county, Sec's 1634, 1909, 1913, 4107, 13138. But it does not follow that the warden of the penitentiary lacked sufficient interest in that underlying habeas corpus proceeding to have qualified him as a relator in the certiorari proceeding to review it—though as a matter of fact he was not joined as such in that case. But as we have stated, the warden was so joined in the Westhues case.

While the writ of certiorari as employed in this state generally is the same as the common law writ, yet its use must conform to the letter and spirit of our statutes.[3] Furthermore, although the general rule is that a stranger to the record below is not entitled to certiorari, yet there is a well recognized exception that if he was a party in substance, though not in form, he may have the writ. Ex parte Hernreich v. Quinn, 350 Mo. 770, 776(2), 168 S W. (2d) 1054, 1057(2). And he is a party in substance if he has a substantial interest in the proceeding under review and has sustained injury from the ruling therein, albeit that interest and injury is in an official capacity.[4]

In this instance, the Attorney General acted merely as the chief law officer of the State, under Sec. 12901, and made the Warden the

[3]State ex rel. Barker v. Wurdeman, supra, 254 Mo. l. c. 569(1), 163 S. W. 1. c. 850(1); State ex rel. Summerson v. Goodrich, 257 Mo. 40, 47(I), 165 S. W. 707, 708(1); State ex rel. Gardner v. Hall, 282 Mo. 425, 431(4), 221 S. W. 708, 710(7); State ex rel. Jacobs v. Trimble, 310 Mo. 150, 154, 274 S. W. 1075, 1077(1).

[4]11 C. J., sec. 100, p. 136; 14 C. J. S., sec. 50, p. 199; State ex rel. Bennett v. Becker, 335 Mo. 1177, 1185-6(3), 76 S. W. (2d) 363, 367(7); State ex rel. Lane v. Corneli, 347 Mo. 932, 939(4), 149 S. W. (2d) 815, 820(5).

relator in both certiorari proceedings. Under Laws Mo. 1945, Sec. 15, p. 728, Sec. 8992.15 Mo. R. S. A., the Warden of the State penitentiary is the chief administrative officer thereof and must take oath and give bond. Under Sec. 19 and 8992.19, ubi supra, solitary confinement cannot be inflicted on a convict without express authorization of the warden. It was held under substantially simliar statutes in State ex rel. Billings v. Rudolph, 322 Mo. 1163, 1172(6), [273] 17 S. W. (2d) 932, 934(6) that the warden has both the control and the right to "custody" of convicts, and is a sufficient sole respondent in a habeas corpus proceeding brought by a convict for discharge from the penitentiary.

We think the Warden had a substantial official interest in both of the conflicting habeas corpus proceedings. He and the Attorney General thought both circuit judges were wrong in their conclusions. He was the actual party respondent in the first habeas corpus proceeding, and his right to bring the certiorari proceeding to review it is undisputed. He also was charged by law with the custody of convicted felons and the duty of seeing that their punishments were carried out. If Judge Blair was wrong in discharging the prisoner conditionally in the first habeas corpus proceeding, Judge Smith also was necessarily wrong in discharging him *un*conditionally in the second habeas corpus proceeding—and perhaps regardless of the correctness of the first proceeding. We hold the Attorney General properly could make the acting warden relator in both certiorari proceedings.

On the merits, further facts must be stated. In the instant certiorari proceeding to review the first habeas corpus proceeding (in Cole county), the return of Judge Blair sets out the following: (1) the convict Cory's petition for our writ; (2) the return of the acting warden thereto, ascribing his authority for the detention of Cory to the judgment and sentence of the Newton county circuit court in the robbery case, and the mandate of this court affirming that conviction on the record proper (both of which were exhibited); (3) and the answer of Cory to the acting Warden's return. This answer does not dispute that he was represented by counsel in that case, but alleges he was denied a reasonable time in which to prepare and present his defense, in violation of the 5th Amendment, Const. U. S., and the first paragraph of Sec.18, and Sec. 10, both of Art. 1, Const. Mo. 1945. The latter section is a substantial duplicate of the due process clause of the 14th Amendment, Const. U. S.

In addition to the foregoing, Judge Blair's return in the certiorari proceeding includes certain evidence adduced therein. This consists of: (1) the information in the Newton county robbery case; (2) the motion for new trial; (3) the instructions to the jury; (4) the trial court's minutes and docket entries; (5) and the verdict. The information shows it was subscribed and sworn to by the prose-

cuting attorney on February 3, 1937. ,The trial court's minutes and docket entries recite that the next day Cory waived formal arraignment and pleaded not guilty, the trial started, and was finished the day following, February 5. The motion for new trial was filed and overruled and Cory was sentenced two days later on February 7. He appealed on February 9, and was allowed until the third day of the next term, June 9, to file his bill of exceptions (see Sec. 1009, R. S. 1929).[5]

From the foregoing it will be seen that only four days elapsed between the date when the information was filed and the date of Cory's sentence (Feb. 3-Feb. 7). But it does not appear when he was first arrested; or when he employed counsel; or that he ever asked for more time or sought a continuance. The only light thrown on [274] these questions by the record, comes from the 4th, 5th and 9th grounds of his motion for new trial. Of these, the 4th ground complained that "the court erred in permitting the trial to proceed without the witnesses on behalf of the defendant being present." The 5th ground charged that the court erred "in permitting said defendant (Cory) to be tried within ten days from the date of his preliminary." The 9th ground assigned that "the court erred in proceeding with said trial when defendant by reason of the time elapsing since his arrest and preliminary (was unable) to properly prepare for said trial."

The judgment of the circuit court of Newton County in the robbery case, as set out in Judge Blair's return in the certiorari case, was as follows: "Now, at this day, comes the Prosecuting Attorney of Newton County, who prosecutes on behalf of the State, and also comes the defendant in his own proper person, and in the custody of the Sheriff of this County, and in the presence of his attorney and counsel, in open court, whereupon said defendant is informed by the Court that he has been tried by a jury and found guilty of 'Habitual criminal and Robbery with fire arms' as charged in the Information returned against him by the Pros. Atty. of Newton County. And being now asked by the Court if he has any legal cause to show why judgment shall not be pronounced against him according to law, and

[5]Another set of minutes in the record show a motion for new trial was filed on February 9 and overruled and sentence pronounced on February 15; that the same or another motion for new trial was filed on June 7, 1937; and that Cory on the same day filed an application to "sue" as a poor person; that his application to "appeal" as a poor person was overruled; and that our mandate (after the appeal) was filed about two years later on February 6, 1939. Some of these entries evidently are erroneous. For Sec. 3735, R. S. 1929, then provided a maximum time limit of ten days after the return of the verdict within which motions for new trial could be filed. And since the verdict was returned on February 5, the latest date for filing the motion would have been February 15. Neither could he have filed a motion to sue as a poor person on June 7, four months after his trial was over. This entry evidently refers to an application to appeal as a poor person. Sec's 3757, 1021, 3830, 11732, 11784, R. S. 1929.

said defendant still failing to show cause, it is therefore considered adjudged, sentenced and ordered by the Court, that the defendant Chas. Edgar Cory having been found guilty as aforesaid, be imprisoned in the State Penitentiary for a period of ninety-nine (99) years, from the 15th day of February, 1937, . . ." [Following this were provisions requiring the sheriff to convey Cory to the State penitentiary for service of his sentence, and taxing the costs against him.]

Based on the foregoing evidence in the habeas corpus proceeding, an entry on Judge Blair's trial record, dated Oct. 11, 1946, recites: "Now at this day this cause coming on for hearing, and comes the petitioner, in person, and by his attorney; and comes the Respondent, by his attorneys, and both parties announce ready for trial, and the Court after hearing the evidence adduced and argument of counsel, doth take this cause under advisement."

About two months later final judgment was entered as follows (parenthesis and italics ours): "On this 7th day of December, 1946, comes the petitioner in person and by his counsel, and comes the Respondent, by his counsel, and the cause is taken up by the Court and heard on the petition, the return and the answer, the evidence and arguments of counsel; and the Court expressly finds that the judgment and sentence for robbery in the first degree rendered by the Circuit Court of Newton County on February *5th* (should be 7 or 15), 1937, against the petitioner, are wholly illegal, unlawful and void because the petitioner herein was *denied due process of law* in the course of his imprisonment, arraignment and trial; and *not accorded an adequate opportunity to prepare and to present his defense*: It is therefore ordered, adjudged and decreed that the petitioner is remanded to the custody of the Sheriff of Newton County for appropriate action in accordance with law."

We must assume this conclusion in the judgment that Cory was denied an adequate opportunity to prepare and present his defense in the Newton county robbery trial, was based on the foregoing record of the habeas corpus hearing as returned to us in the certiorari proceeding. That record shows four days elapsed between the filing of the information and Cory's conviction in the robbery case, but nothing more—unless the factual allegations in the motion for new trial be considered, these in terms alleging he was forced to trial without witnesses in his behalf, within ten days after his preliminary hearing, and without reasonable time to prepare for trial. The return does not show any *oral* testimony was introduced at the habeas corpus hearing.

As against this record the relator Warden's first two assignments of error are that the Cole county circuit court, acting through Judge Blair, erred in going behind the records of the Newton county circuit court in Cory's robbery case: (1) to determine by extraneous evidence facts which did not appear [275] upon the face of the re-

·cord—citing the Young, Flansburg and Dixon cases below;[6] (2) and to consider facts which did not go to the jurisdiction of the Newton County circuit court.

Considering these two assignments in inverse order, it may be conceded that no facts or evidence were competent in the habeas corpus proceeding, which did not go to the jurisdiction of the Newton County circuit court in the robbery trial. For the rule in this state and elsewhere is that in habeas corpus the inquiry will be confined to jurisdictional issues, and that the writ is not available for the retrial of issues of fact or law on the merits or the review of mere errors, as on appeal.[7]

On the other assignment—that the court determined by *extraneous* evidence facts which did not appear upon the face of the record of the Newton County circuit court—the first question is, what does the assignment mean by the term "extraneous" evidence? Since the return does not show oral testimony was introduced, but does show the motion for new trial in the robbery case (with its self-serving allegations) was introduced, we conclude the assignment refers to that motion, particularly in view of the fact that it cites and relies on our Young and Flansburg cases, supra.[6]

These two decisions, among others, hold· the records of circuit courts import verity and cannot be impeached collaterally by extraneous evidence, though the Young case concedes that the judgment may be impeached by other parts of the record in the same case, and this is the rule elsewhere.[8] But the word "record" as there used means the record proper, as distinguished from the part of the record dealing with matters of error which must be preserved in a bill of exceptions.[9] Furthermore, even if it were otherwise, there was no bill of exceptions in Cory's Newton County robbery case, as shown by the report of the cause when it was here on appeal, State v. Cory, supra, 123 S. W. (2d) 541. And contrary to the Dixon case, supra,[6] the general rule is that habeas corpus is a collateral attack, or of that nature.[10] A motion for new trial in a criminal case in this State is not a part of the record proper.[11] And its factual allegations do

[6]Young v. Parker, 355 Mo. 245, 195 S. W. (2d) 743; Flansburg v. Kaiser (Mo. banc), 184 S. W. (2d) 1004; Ex parte Dixon, 330 Mo. 652, 655(6), 52 S. W. (2d) 181, 182(8).

[7]25 Am. Jur. sec. 28, p. 162; 39 C. J. S. sec. 15, pp. 444-453; 29 C. J. sec. 19, p. 25; Ex parte Label v. Sullivan, 350 Mo. 286, 288(2), 165 S. W. (2d) 639, 641(4); Ex parte Thompson v. Sanders, 334 Mo. 1100, 1105(4), 70 S. W. (2d) 1051, 1054(5).

[8]34 C. J. sec. 849, p. 550; sec. 850, p. 850; 49 C. J. S. sec. 401, pp. 794-6; sec. 405, pp. 801-2; 31 Am. Jur. sec. 602, pp. 198-9.

[9]Harlan v. McGourin, 218 U. S. 442, 445(1), 54 L. Ed. 1101, 31 S. Ct. 44; In re Haskell, 52 Fed. 795(2).

[10]29 C. J. sec. 11, p. 20; 39 C. J. S. sec. 1, p. 426; sec. 26, p. 477; 25 Am. Jur. sec. 10, p. 150; 7 Words & Phrases (Perm. Ed.) [pocket part], p. 126.

[11]State v. Jordan, 353 Mo. 405, 407(1), 182 S. W. (2d) 563(1) and other cases cited in 9 West's Mo. Dig. sec. 1088(6), p. 638.

not prove themselves.[12]   For these reasons we hold the Cole County circuit court could not treat the recitals in the motion for new trial as proven facts—if it did.

   Neither do we find anything in the recent decisions of the United States Supreme Court sanctioning that course, or authorizing the reception of oral testimony to impeach the judgment of the Newton County circuit court in the robbery case—if such testimony was received.   It is true these decisions give the due process clause of the Fourteenth Amendment wide scope, holding it guarantees to an accused a "fair" trial, and protects him from an "unfair" trial.[13] And they further rule that on habeas corpus, questions challenging the convicting court's jurisdiction may be raised de hors the record; and that the reviewing court may inquire "into the very truth and substance" of the prisoner's detention.[14]   [276] But as qualifying that doctrine it is held[15] that such evidence must not be *inconsistent* with the record—as was stated in our Young case, supra.[6]

   Respondent's counsel refer to two other decisions of the United States Supreme Court[16] reversing judgments of this court which had dismissed petitions for habeas corpus for failure to state a cause of action.   But in both of these the petitioners had pled guilty to serious crimes allegedly without the aid of counsel; and it was ruled the allegations in the petitions were prima facie sufficient and not inconsistent with the recitals of the sentences and judgments assailed.   We think they are not in point.

   There is a vast difference between the facts in the Williams and Tomkins cases and those in this case.   Here, the petitioner Cory did not plead guilty, but stood trial.   He was not without counsel, but had a lawyer of his own selection.   He was not inexperienced in the law or immature, for, according to the information filed in the Newton County robbery case he had been convicted of felonies in the State and Federal courts and served his sentences three times before, in 1928, 1933 and 1934.   The first two of these were offenses against the prohibition laws and the third was burglary and larceny, all on pleas

---

[12]See cases cited in 9 West's Mo. Dig. sec. 956, p. 544.
[13]Adamson v. People (Calif.), 91 L. Ed. 1464, 1469(2), 1472(6), 67 S. Ct. 1672, 1676(3), 1678(10); Carter v. People (Ill.), 329 U. S. 173, 91 L. Ed. 157, 159 (1-2), 67 S. Ct. 216, 218(1-2).
[14]Carter v. People, last cited; Hawk v. Olson, 326 U. S. 271, 274, 90 L. Ed. 61, 66 S. Ct. 116; Walker v. Johnston, 312 U. S. 275, 285, 85 L. Ed. 830, 61 S. Ct. 574; Johnson v. Zerbst, 304 U. S. 458, 466-7, 82 L. Ed. 1461, 58 S. Ct. 1019; Frank v. Mangum, 237 U. S. 309, 331, 59 L. Ed. 969, 35 S. Ct. 582.
[15]Johnson v. Zerbst, supra, 304 U. S., l. c. 466; Riddle v. Dyche, 262 U. S. 333, 336(3), 67 L. Ed. 1009, 43 S Ct. 555; Edminston v. Hunter, 161 Fed. (2d) 691, 692(2); Christakos v. Hunter, 161 Fed. (2d) 692, 694(4); Klopp v. Overlade, 66 Fed. Supp. 450, 453-4(4).
[16]Williams v. Kaiser, 323 U. S. 471, 89 L. Ed. 398, 65 S. Ct. 363; Tomkins v. Missouri, 323 U. S. 485, 89 L. Ed. 407, 65 S. Ct. 370.

of guilty. He was convicted of the felony here involved in 1937, and did not file the instant habeas corpus proceeding until nine years later, in 1946.

■ The record here does show Cory was convicted in the robbery case within four days after the information was filed. But it does not show how much time elapsed between his arrest and trial [except the recital in his motion for new trial that there was a ten day interval between his preliminary hearing and trial.] Neither does it show he ever asked for a continuance, or complained of lack of time for preparation of his defense, until he had risked the issue and filed a motion for new trial after an adverse verdict.

Evidence of this sort, if any, would have been competent, because it would not have been inconsistent with the recitals in the record and judgment of the Newton County circuit court. We held in State v. Stucker, 352 Mo. 1056, 1058(3), 180 S. W. (2d) 719, 720(4) that it is incumbent on the accused in such situations to ask for time if he needs it; and that if he fails to do so he cannot complain. In that case the information was filed and counsel appointed by the court one day and the accused was tried and convicted the next. Similarly we think the bare proof here that Cory, represented by counsel of his own choice, went to trial without complaint one day after the information was filed, was not enough to justify the Cole County circuit court in setting aside the conviction nine years later; and that the court exceeded its jurisdiction in so doing. For these reasons the record and judgment of the Cole County circuit court remanding the prisoner Cory to the custody of the sheriff of Newton County for further proceedings, are quashed.

■ The same conclusion must follow as to the record of the Newton County circuit court in the other certiorari proceeding, against Judge Smith, covering the second habeas corpus proceeding. Obviously that court could not adjudge that Cory's Newton County robbery conviction in 1937 was valid—as it did—and at the same time discharge him therefrom altogether. In so doing it exceeded its jurisdiction—if it had any jurisdiction under Sec. 1645 of our statutes. That section seemingly provides that it shall not be lawful for any court on a second writ of [277] of habeas corpus to discharge the prisoner, if in the order on the first writ remanding him to custody he is clearly charged with a criminal offense [in this instance, the Newton County robbery]. For the reasons stated, the records of the Cole County circuit court and of the Newton County circuit court, respectively, in the two consolidated certiorari proceedings, are quashed. All concur.

ON MOTION FOR REHEARING.

■ PER CURIAM:—We held in the principal opinion (text to marginal notes 8-12) that the judgment of the Newton County circuit court, convicting Cory of Robbery, could not be impeached on habeas corpus before respondent Judge Blair by proof of unverified recitals in Cory's motion for new trial in the criminal case alleging he had been denied adequate time to prepare for trial, which recitals also were outside the record proper. But in the concluding part of the opinion we added that competent evidence on that issue might have been introduced before Judge Blair, since it would not have contradicted the judgment and record in the criminal case.

In their motion for rehearing here, counsel for respondent Judge Blair (actually for Cory) showed that Cory did testify on that issue in the habeas corpus case, but that the testimony was omitted from Judge Blair's return in the instant certiorari proceeding, because our decisions[1] hold certiorari brings up only the record proper showing jurisdictional defects or errors which cannot be reached by appeal; and that "we take the record as we find it, excluding the mere evidence which can, in the nature of things, relate to the merits only." Nevertheless, in view of our holding, supra, in the principal opinion that competent evidence of that character could have been introduced in the habeas corpus case, counsel asked in the motion that Judge Blair be permitted to amend his return here by including therein Cory's aforesaid testimony on that point before him. We granted that request and passed the cause to our next conference. The amendment of the return has been made, and Cory's evidence is before us.

The learned Assistant Attorney General stands on the authorities just cited below, and contends that whether Cory's testimony was admissible or not in the habeas corpus case, those decisions preclude its admission in this certiorari proceeding because it was not a part of the record proper. There can be no doubt that the testimony was admissible below since it did not impeach the judgment in the criminal case, Young v. Parker, 355 Mo. 245, 246(1), 195 S. W. (2d) 743(1), 744(2). And it is also true that a habeas corpus proceeding is not appealable, and therefore comes within the formula of the above decisions as a cause that may be reviewed by certiorari. State ex rel. Gentry v. Westhues, supra, 315 Mo. 1. c. 678(1), 286 S. W. 1. c. 389(1).

[1]State ex rel. Evans v. Broaddus, 245 Mo. 123, 136(2), 149 S. W. 473, 476(2, 3), Ann. Cas. 1941A, 823; State ex rel. Gentry v. Westhues, 315 Mo. 672, 678(1), 680, 286 S. W. 396, 398(3, 6); State ex rel. Shartel v. Skinker, 324 Mo. 955, 959(1), 25 S. W. (2d) 472, 476(2); State ex rel. Woodmansee v. Ridge, 343 Mo. 702, 707(3), 123 S. W. (2d) 20, 22(3); State ex rel. St. Louis Union Trust Co. v. Neaf, 346 Mo. 86, 92(2), 139 S. W. (2d) 958, 961(2, 3).

The only question is whether we shall depart from the doctrine of the cited decisions[1] insofar as they hold the review in certiorari must be confined to the record proper, disregarding "mere evidence." (The Woodmansee and Trust Company cases do not go that far). Confining ourselves to cases of the present character—criminal cases involving the issue of due process under the State and Federal Constitutions—we think we should if the extraneous evidence bears on that issue and does not impeach the judgment rendered. In our opinion a denial of due process is tantamount to an excess of jurisdiction, at least. Our case law on that point has been restrictive, whereas the general doctrine admits *facts* bearing strictly on that issue. 14 C. J. S., p. 255, sec. 126; [278] 11 C. J., p. 176-7, sec. 267; 10 Am. Jur., p. 543, sec. 18.

Our power to issue writs of certiorari is constitutional, Art. VI, Sec. 3, Const. Mo. 1875; Art. V, Sec. 4, Const. Mo. 1945. These provisions refer to the common law writ. But they do not preclude us from enlarging the scope of the writ. Sec. 2008, R. S. 1939-Mo. R. S. A. provides: "All courts shall have power to issue all writs which may be necessary in the exercise of their respective jurisdictions, according to the principles and usages of law." And it was held in State ex rel. Harrison County Bank v. Springer, 134 Mo. 212, 222(5), 35 S. W. 589, 590(3), citing and construing that statute: "Our courts have undoubted authority to mold the procedure upon that writ so as to conform to 'the principles and usages of law,' as developed under the common law system, so far as may be consistent with the letter and intent of the existing statutory law." See also State ex rel. Barker v. Wuderman, 254 Mo. 561, 569(1), 163 S. W. 849, 850(1); State ex rel. Gardner v. Hall, 282 Mo. 425, 431(4), 221 S. W. 708, 710(6); State ex rel. St. L. Union Trust Co. v. Neaf, supra, 346 Mo. 1. c. 92(1), 139 S. W. (2d) 1. c. 961(1).

We therefore proceed to an examination of prisoner Cory's testimony as returned to us. It states in substance that following his arrest on January 16, 1937, he was kept in a village jail for eight hours; and then transferred to the Joplin city jail for five days, where he was held incommunicado. Thence he was moved to the Newton County jail at Neosho (about January 21). He remained there until his trial started on February 4—a span of fourteen days. During that time his mother and father obtained a Joplin lawyer for him who was an old acquaintance of theirs and served without pay. The lawyer talked to him once in the jail where the officers could overhear, about eight days before the trial, and came no more.

When the trial was to begin he was taken to court. His lawyer was there and the jury was being impaneled. He didn't know what the charge was. He told his lawyer he had several witnesses who could sustain his alibi, and the lawyer said, "We would get them or they would be there by the time we needed them." But they didn't

come. There was a heavy storm which prevented their attendance. Nothing further was said about them. He and his father and mother testified, but they could not help on his alibi as they didn't know where he was at the time of the robbery. He didn't know whether his lawyer subpoenaed his witnesses or asked the judge for more time. He heard nothing of that kind. [There is no showing of any request for a continuance or delay in the court minutes brought up.] The first complaint was made in the motion for new trial.

In our opinion this testimony does not help petitioner. He had a lawyer his family had procured for him a week before the trial, and he accepted the lawyer's services. They went through the trial and risked the issue until after he was convicted. As stated in our original opinion, citing State v. Stucker, 352 Mo. 1056, 1058(3), 180 S. W. (2d) 719, 720(4), it is incumbent on the accused in such situations to ask for time if he needs it. So far as appears the trial court knew nothing about it. We do not understand it to be the duty of this court to permit a petitioner in habeas corpus to raise such questions by certiorari nine years after his conviction.

For these reasons the motion for rehearing is overruled. The records of both the Cole County Circuit Court and the Newton County Circuit Court in the two habeas corpus proceedings have already been quashed in the original opinion.