## MONTGOMERY v. EIDSON.
### No. 9100.

United States District Court,
W. D. Missouri, W. D.
June 16, 1954.

Sam S. Haley, Jefferson City, Mo., for petitioner.

John M. Dalton, Kennett, Mo., by Samuel M. Watson, Asst. Atty. Gen., Missouri, for respondent.

DUNCAN, Chief Judge.

Petitioner, by leave of court, has filed petition for writ of habeas corpus in forma pauperis, alleging that he is being illegally and unlawfully deprived of his liberty by the respondent under three judgments of the Circuit Court of St. Francois County, Missouri, entered on February 4, 1941, charging him first, with robbery in the first degree, for which he was sentenced to the Missouri State Penitentiary for his natural life; second, for kidnapping, for which he was sentenced to the Missouri State Penitentiary for his natural life, and third, for the larceny of a motor vehicle, for which he was sentenced for a period of five years; that he entered pleas of guilty, without the advice of counsel, and that the sentences aforesaid followed.

That thereafter, on October 3, 1945 the Circuit Court of Cole County, Missouri granted a petition for writ of habeas corpus, holding that he had been illegally convicted in the Circuit Court of St. Francois County, without due process of law and ordered him remanded to the sheriff of St. Francois County, there "to be dealt with according to law;" that pursuant to said order he was returned to St. Francois County where he was held in the St. Francois County jail for a period of approximately six months, and that on December 3, 1945 on order of the Circuit Court of St. Francois County he was again committed to the Missouri State Penitentiary in conformity to the original judgments, sentences and commitments.

Petitioner further alleges that the Warden at the State Penitentiary refused to receive him as an inmate in view of the order of the Circuit Court of Cole County; that he was delivered to the custody of the sheriff of Cole County, and that the sheriff of Cole County, being without authority to detain him, released him; that he thereafter returned to his home in St. Francois County, where, on the following day, he was taken into custody by a highway patrolman of the State of Missouri, without further complaint, warrant or commitment, and returned to the Missouri State Penitentiary, where he has since been confined, all in violation of his constitutional rights, and in violation of the order of the Circuit Court of Cole County, Missouri.

Petitioner alleges that he has exhausted all of his remedies under the laws of the State of Missouri, and is entitled to be released.

This court issued a show cause order, to which the respondent filed return, and to which the petitioner filed traverse. Apparently the facts are not in dispute.

**294**

In response to the court's request, the return to the show cause has attached to it copies of all the orders before the Circuit Court of Cole County, the Circuit Court of St. Francois County, and the Supreme Court of the State of Missouri. Copies of all of which are hereto attached and made a part hereof, the same as though fully incorporated herein.

The return shows that on May 27, 1946 subsequent to the filing and the granting of the petition for writ of habeas corpus by the Circuit Court of Cole County, petitioner filed petition for writ of habeas corpus in the Supreme Court of Missouri.

Respondent asks that this petition be denied on the ground that the Supreme Court of Missouri denied petitioner's petition for writ of habeas corpus, Montgomery v. Parker, 195 S.W.2d 745, and that he has not exhausted his legal remedies by appealing or applying for writ of certiorari in the Supreme Court of the United States; further that he.is basing his custody of petitioner upon the opinion of the Supreme Court and the judgment of the Circuit Court of St. Francois County.

The petition for writ of habeas corpus filed in the Circuit Court of Cole County alleged that he was being illegally restrained in violation of his constitutional rights, in that he was charged with a capital offense and was without funds with which to employ counsel, that he was not provided counsel, and was incapable of adequately making his own defense because of his ignorance of the law and legal procedure.

On October 3, 1945 the Circuit Court of Cole County entered the following order:

"Now, on this 3rd day of October, comes the petitioner in person and by his counsel, Paul E. Allen, and comes the respondent by his counsel; and the cause is taken up by the Court and heard on the petition, return and answer, and the evidence and arguments of counsel; and the Court finds the issues of law and fact against the respondent and for the petitioner, and expressly finds that the imprisonment of petitioner by the respondent is in all respects illegal, and that the petitioner is entitled to be discharged from the custody of respondent."

It was ordered that the writ of habeas corpus be granted, petitioner discharged and the Warden of the Missouri State Penitentiary commanded to release forthwith the prisoner from his custody and to deliver him to the sheriff of Cole County for prompt delivery to the sheriff of St. Francois County "then and there to be dealt with according to law."

Thereafter the prosecuting attorney of St. Francois County filed "Motion of State to remand prisoners back to Penitentiary." There were two parties separately charged with the same offenses, and apparently they were consolidated for the purposes of this motion. The motion asked the court to remand the prisoners to the State Penitentiary under the judgments and convictions of February 4, 1941 * * * the original convictions, which had been found by the Circuit Court of Cole County, to be illegal.

The motion contended that the Circuit Court of Cole County was without legal right to question the judgment of the Circuit Court of St. Francois County; that its provisions "imported verity" and could not be collaterally attacked to show that the defendant was not in fact represented by counsel at the time of the entry of his plea of guilty, when the commitment showed that he had appeared in court "in person and by counsel."

The Circuit Court of St. Francois County thereafter re-committed the defendant under the original convictions, and in a Memorandum Opinion the court quoted with respect to the commitments, as follows:

"Now at this day comes the State, by her attorney, and also comes the defendant herein, in person, in custody and in presence of his Attorney and Counsel, in open Court; whereupon said defendant is informed by the Court that he having entered a plea of guilty to first degree rob-

bery as charged in the information, and being now asked by the Court if he had any legal cause to show why judgment should not be pronounced against him, according to law, and still failing to show such cause, it is therefore * * *."

Apparently the record of the court is the same in each case * * * the kidnapping and the robbery cases. Thereafter judgment followed.

The court, in ordering defendant re-committed, cited numerous cases holding that the provisions of the judgments that the parties appeared in court in person and in the presence of their attorney and counsel was not subject to collateral attack, and therefore, the order of the Circuit Court of Cole County, granting the writ of habeas corpus was void, and thereupon they were re-committed, as heretofore stated.

The respondent did not seek a review of the holding of the Circuit Court of Cole County either by appeal or by certiorari and it thus became final.

Thereafter, on May 27, 1946 petitioner filed a petition for writ of habeas corpus in the Supreme Court of Missouri, in which he alleged that he was being improperly restrained of his liberty in violation of the Constitutions of the United States, and Missouri, and relied upon the order of the Circuit Court of Cole County ordering his release. The petition was prepared by counsel, and was quite detailed in reviewing all the facts and circumstances surrounding petitioner's conviction and discharge pursuant to the order of the Circuit Court of Cole County.

It is alleged in this petition, and not denied, that the respondent, through the Attorney General, admitted that the petitioner was not represented by counsel at the time of his pleas of guilty and commitment, notwithstanding the recitation in the judgments and commitments, of the court.

Apparently in the proceeding in the Supreme Court of Missouri the petitioner did not seek to have the court pass upon the question of whether or not he had actually been deprived of the right to counsel, but relied upon the authority of the order of the Circuit Court of Cole County.

The Supreme Court of Missouri denied his writ in an opinion by Judge Albert Clark. Young v. Parker, 355 Mo. 245, 195 S.W.2d 743; Montgomery v. Parker, Mo.Sup., 195 S.W.2d 745. The court did not there pass upon the question of whether or not his constitutional rights had been violated. That court stated among other things [355 Mo. 245, 195 S.W.2d 744]:

"Petitioner says that the Assistant Attorney General who represented the warden in the Circuit Court of Cole County admitted that the recitals in the St. Francois County judgments to the effect that petitioner was represented by counsel, are untrue. No such admission appears in the record and if it did we could give it no effect, even though the admission had been based on first hand knowledge, which it could not have been. *He could not collaterally impeach the judgments either by an admission or by sworn testimony.*" (Emphasis supplied.)

The court held that the recitals in the judgments are inconsistent with the allegations of the petition and "such recitals are not contradicted by any part of the record of the Circuit Court of St. Francois County, and are binding and conclusive in the collateral proceedings filed by petitioner in the Circuit Court of Cole County and in this Court."

In determining the question of conflict between the judgments of the Circuit Court of Cole County and that of the Supreme Court, we must bear in mind that the proceeding in the Supreme Court was not a review of the judgment of the Circuit Court but was one of original jurisdiction under the law of Missouri conferring upon the Supreme Court jurisdiction to hear and determine petitions for writs of habeas corpus.

With one or two exceptions, the identical question presented here was before Judge Ridge in Houston v. Eidson, D.C., 119 F.Supp. 778. In a very exhaustive and highly learned opinion, Judge Ridge analyzed the habeas corpus laws of the State of Missouri, the rights and powers of the courts of the State of Missouri under the Habeas Corpus Act, Section 532.010 et seq. RSMo 1949, V.A.M.S. "and the obligations of the Federal courts in their relationhip to the State courts."

One difference between the facts in the Houston case and the present case is that here admittedly the petitioner did not seek certiorari to the Supreme Court of the United States following the dismissal of his petition. In the Houston case that was done.

Another difference is that Houston contended that his constitutional rights had been violated, and this was found to be true by the Circuit Court of Cole County, because he had not been granted sufficient time to prepare for trial. The proceedings in the Houston case, with the exception of these unimportant details, were identical with the proceedings here, i. e., petitioner was remanded to the sentencing court and thereafter re-committed upon the same judgment, as was done in the case under discussion here.

▆ There is no appeal from an order granting a petition for writ of habeas corpus. It may, however, be reviewed by the Supreme Court on certiorari. State ex rel. Gentry v. Westhues, 315 Mo. 672, 286 S.W. 396–398. Chapter 532 RSMo 1949, V.A.M.S. regulates habeas corpus procedure for the courts of the State of Missouri. As Judge Ridge stated in Houston v. Eidson, supra, [D.C., 119 F. Supp. 784] § 532.550 RSMo 1949, V.A.M.S. provides that

"When a person 'has been discharged, by the order of any court or magistrate, upon a writ of habeas corpus issued pursuant to' the above chapter, he cannot 'be again imprisoned, restrained or kept in custody for the same cause' except under certain conditions not presently pertinent."

In State ex rel. Stewart v. Blair, 357 Mo. 287, 208 S.W.2d 268, 277–278 the Supreme Court apparently receded from the view which it followed in Young v. Parker, supra. Quoting from that case:

"In our opinion a denial of due process is tantamount to an excess of jurisdiction, at least. Our case law on that point has been restrictive, whereas the general doctrine admits facts bearing strictly on that issue."

▆ I think the situation is such in this case that the law did not require the petitioner to seek certiorari in the Supreme Court of the United States in order to exhaust his state remedies. Apparently he has exhausted all the remedies required for seeking the relief of this court. Again quoting Judge Ridge:

"As the record stands before us, we apparently have two judgments of Courts of the State of Missouri, both of which appear to be final and conclusive under Missouri habeas corpus procedure; contrariety in their findings, and diametrically opposite in their adjudication of identical federal constitutional factual questions presented by petitioner, a citizen of Missouri. Under such circumstances, it would seem that Missouri is denying to petitioner the equal protection of the laws, and that he is being denied due process of law as guaranteed by the Fourteenth Amendment to the Constitution of the United States." Citing Bute v. People of State of Illinois, 333 U.S. 640, 68 S.Ct. 763, 92 L.Ed. 986; Anderson v. Eidson, 8 Cir., 191 F.2d 989.

It would seem that petitioner's constitutional rights within the meaning of the federal authorities would clearly be violated if the doctrine as laid down in Young v. Parker, supra, is held to be correct * * * the judgment of a court in a capital case "imports verity" and cannot be collaterally attacked in habeas

corpus proceedings to show that the commitment does not speak the truth in reciting that the defendant was represented by counsel, whereas the fact is that he was not so represented or advised of his rights.

It is almost a matter of common knowledge that printed forms which recite the appearance of counsel are often used by clerks in preparing commitments, and unless such printed matter is crossed out, it may not reflect the true proceeding of the court, and if one convicted of an offense is to be bound by a printed form clearly not reflecting the true facts and be unable to repudiate it or to show that it is erroneous, then great wrong may be done.

The Supreme Court of Missouri must have had this in mind in relaxing the rather rigid rule which had theretofore been followed. Applying that rule then to this case, the Circuit Court of Cole County clearly had the right to determine that question collaterally, and when once determined and not attacked in a court that had a right to review it, it became final and the law of the case, and the order of the Supreme Court in holding that it was not subject to collateral attack, and that is all it did hold, in remanding him under the original order, was not binding upon the petitioner and he would be entitled to his release.

Many years have elapsed since this petition was granted. However, I know of no statute of limitation or other rule that would change the effect of the order of the Circuit Court of Cole County, and it being the law of the case, it seems to me that the petitioner should now be released by the respondent and remanded to the custody of the sentencing court, there to be dealt with in accordance with the order of the Circuit Court of Cole County.

Of course, that does not mean that he may again be remanded to prison on the same commitments and under the same judgments under which he was committed in the first place. His constitutional rights must be afforded him and the sentencing court is the court in which that question may be determined.

The petition for writ of habeas corpus is hereby granted and the petitioner ordered discharged from the custody of the respondent and remanded to the sheriff of St. Francois County, Missouri, there to be dealt with by the Circuit Court of St. Francois County, Missouri, in accordance with the order of the Circuit Court of Cole County, Missouri.