**STATE of Missouri, Respondent,**

v.

**Hugh N. HARRISON, Appellant.**

No. 45513.

Supreme Court of Missouri,

Division No. 1.

Feb. 11, 1957.

Motion for Rehearing and to Transfer to Court en Banc Denied March 11, 1957.

John M. Cave, Fulton, for movant-appellant.

John M. Dalton, Atty. Gen., Fred L. Howard, Asst. Atty. Gen., for respondent.

HOLMAN, Commissioner.

Defendant, Hugh N. Harrison, has appealed from an order and judgment of the Circuit Court of Madison County, Missouri, in which his motion in the nature of a writ of error coram nobis was overruled and dismissed. The motion sought to vacate and set aside a judgment of conviction whereby defendant, on October 31, 1931, was sentenced in the aforesaid court, upon his plea of guilty, to a term of 25 years in the penitentiary for the offense of robbery. The basis for such relief was alleged to be that "Defendant was convicted and sentenced without due process of law and under procedure contrary to and in violation of the Constitution of Missouri and the Constitution of the United States of America in that defendant was not represented by legal counsel in the trial, was not afforded the opportunity to obtain such legal counsel and was not advised of his right to have assistance of legal counsel. Defendant did not at any time waive his constitutional right to have counsel represent him."

Upon the hearing of the motion the pertinent records were admitted in evidence and some other facts were agreed upon. Certain evidence offered by defendant for the purpose of impeaching the questioned judgment was excluded and defendant made various offers of proof which we will hereafter consider.

The defendant served the aforementioned sentence and was released from the penitentiary on July 8, 1947. In August, 1948, defendant was convicted of burglary in the second degree and larceny, in the Circuit Court of Audrain County. Because of the aforesaid former conviction he was tried under the Habitual Criminal Act (now Section 556.280 RSMo 1949, V.A.M.S.) and re-

ceived sentences totaling 15 years' imprisonment in the penitentiary, the longest terms prescribed for those offenses, and he is now serving those sentences. It is apparent that he seeks to set aside the Madison County judgment on the theory that such action would form a basis for attacking the validity of the burglary and larceny convictions, which, as stated, resulted from a trial under the Habitual Criminal Act wherein the robbery judgment was the prior felony conviction relied upon.

It further appears that defendant has instituted two previous proceedings to attack the questioned judgment. In 1950 he filed a motion in the Circuit Court of Madison County, seeking a nunc pro tunc order amending the judgment so that it would show that he was not represented by an attorney and did not waive his right to counsel. The trial court overruled that motion and no appeal was taken from that action. Thereafter, defendant filed a motion in said court in the nature of a writ of error coram nobis wherein he sought to vacate said judgment on the ground that no information had been filed in the case. The trial court overruled that motion and upon appeal to this court the order was affirmed. State v. Harrison, Mo.Sup., 276 S.W.2d 222.

█ The question arises at the outset as to the availability of the remedy of writ or error coram nobis in the situation presented here. The State contends it will not lie because the matters alleged by defendant are such, by their very nature, as would necessarily have been known to defendant and to the trial court at the time the judgment was entered. It has also been asserted that the remedy should not be available to one (such as the instant defendant) who has completed his sentence at the time of the application for relief. It would serve no useful purpose for us to consider these questions extensively as the same contentions, under circumstances substantially the same as exist herein, were considered and decided in the case of State v. Stodulski, Mo., 298 S.W.2d 420. Therein the court

carefully reviewed the case of United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247, 98 L.Ed. 248, as well as the more recent applicable decisions of this court, and concluded that a motion for relief in the nature of a writ of error coram nobis was available to attack a judgment of conviction under allegations and circumstances such as exist in the instant case. It was pointed out, however, that although the motion may not be considered as one under Supreme Court Rule 27.26, 42 V.A.M.S., because the petitioner was not in custody under the sentence he sought to attack, there is no reason why he should not be bound by the same provisions and limitations imposed in that rule.

The relevant portions of the judgment complained of are as follows: "Now at this day, comes the Prosecuting Attorney for the State, and also comes the defendant herein, in person, in the custody of the sheriff of this County, and in presence of his attorney and counsel in open court * * and upon a plea of guilty," etc. It will be noted that the judgment shows that defendant had his "attorney and counsel" present in open court when he entered his plea of guilty. In this connection the defendant calls our attention to the fact that the minutes of both the judge and clerk are silent on the matter of defendant appearing with an attorney. The minutes of the judge contain the recital that "Defendant Hugh Harrison arraigned and enters a plea of guilty. Punishment fixed at imprisonment in State Penitentiary for a term of twenty-five years." The proceedings are stated in the clerk's minutes as follows: "Now at this time this cause coming on to be heard comes the State of Missouri, by its Prosecuting Attorney and both defendants, in their own proper persons and a formal arraignment waived and upon a plea of guilty Hugh Harrison is sentenced to twenty-five years in the State Penitentiary."

At the hearing defendant offered to prove by the testimony of two witnesses that they

were deputy sheriffs on October 31, 1931, and were present in the courtroom when defendant was sentenced; they recalled that no attorney was appointed to represent him, and that defendant was not represented by an attorney at that time. In addition to the foregoing, defendant offered to prove by his own testimony that between the date of his arrest (October 27, 1931) and the date of sentence he was confined in jail and that no attorney appeared to advise with him and he had no legal advice before entering the plea of guilty; that no counsel was appointed for him; that he did not know that he had a right to have counsel appointed by the court, and if such had been appointed he would have consulted with and used the advice of such counsel. The prosecuting attorney objected to all of the proffered testimony on the ground that the judgment reciting that defendant had counsel could not be impeached by extraneous or oral testimony to the contrary. The court sustained the objections for the reason assigned.

■■ We are of the opinion that the trial court ruled correctly in excluding the proffered testimony. A circuit court can speak only through its records, which import absolute verity and its judgments cannot be impeached by oral testimony. Moreover, we have specifically held that a recital in a judgment that defendant was represented by an attorney (or appeared in the presence of his attorney) could not be impeached by oral evidence. State v. Terrell, Mo.Sup., 276 S.W.2d 219; Young v. Parker, 355 Mo. 245, 195 S.W.2d 743; Flansburg v. Kaiser, Mo.Sup., 184 S.W.2d 1004. Defendant concedes the existence of the foregoing rule but contends that a judgment may nevertheless be impeached by other parts of the record. He points to the fact that the minutes of the judge and clerk reciting the plea of guilty and sentence, in the proceeding now under review, do not disclose that defendant was represented by counsel.

■ We agree with the contention of defendant that a judgment may be impeached by other records in the case. This court has stated that "The judgment may be impeached by other parts of the record, but not by extraneous evidence." Sisk v. Wilkinson, 305 Mo. 328, 265 S.W. 536, 538. See also, Linville v. Ripley, 347 Mo. 95, 146 S.W.2d 581; Young v. Parker, supra. Defendant argues that, although the judgment shows he was represented by counsel, the minutes of both the trial judge and clerk are silent on that issue and therefore are inconsistent with the judgment, and hence oral testimony should have been admitted so that the true facts could have been determined.

■ The difficulty with defendant's position is that the minutes referred to do not expressly contradict the recital in the judgment. It may be that the clerk's minutes, set forth above, and construed as a whole, support some sort of an inference that defendant had no counsel at the time he was sentenced. However that may be, we are of the view that any such inference would not be sufficient to impeach the positive recital in the judgment that defendant's counsel was present and it did not constitute a basis for the admission of oral evidence to contradict and impeach the judgment. Since the judgment is not impeached by other records, and cannot be impeached by oral evidence, it necessarily follows that the judgment must stand as written and will control the determination of the issue presented. We recently ruled adversely a contention somewhat similar to that presented by the instant defendant and stated, "Defendant contends that the *lack* of a notation in one out of four places on the clerk's and judge's docket sheets and a *failure to state* again in the judgment record of the sentencing the presence of counsel should be sufficient to erase and obliterate from the records [judgments] the positive showings that defendant was represented by counsel. He would have us accentuate the negative rather than the positive, which generally is the opposite of what the rule intends." State v. Kitchin, Mo.Sup., 282 S.W.2d 1, 4.

Defendant has cited the case of Ex parte Mitts, 220 Mo.App. 825, 278 S.W. 1047, wherein it was held that the judge's minutes showing rendition of a judgment were sufficient to support the nunc pro tunc entry of a judgment of record, the clerk having theretofore failed to enter same in accordance with the minutes. This does not support defendant's instant contention, as the minute constituted the entry of a judgment and the clerk had merely failed to perform his ministerial duty of placing it on the record during the term. However, to further illustrate his position, defendant suggests that if the instant judgment had been silent on the question of representation by counsel, and the minutes of the trial court had shown such representation, the minutes, as well as oral testimony, could have been used in a proper proceeding to show that fact. It is asserted that the converse of that situation should permit the silence of the minutes as to the instant fact issue to be used, together with oral testimony, to show that the judgment recital was incorrect. The trouble with that reasoning is that in one situation the evidence deals with matters upon which the judgment is silent (and hence may be supplemented and corrected), while the other situation would permit the judgment to be contradicted and impeached by oral testimony, which, as we have shown, cannot be done.

The proffered testimony having been properly excluded, it follows that the court ruled correctly in overruling the defendant's motion, as the transcript does not disclose any evidence or record entry which would support the granting of the relief sought.

The State has briefed the point that the ruling of the trial court may also be supported upon the theory of res judicata. As previously indicated, the transcript discloses that prior to the filing of the present motion defendant had filed two other motions in which he sought substantially the same or similar relief as that claimed in the instant motion, and that these motions

have been finally determined adversely to defendant. While this contention would appear to be meritorious, State v. Young, 361 Mo. 529, 235 S.W.2d 369; S.C. Rule 27.26, we need not actually decide the point as our decision on the merits is determinative of this appeal.

The order and judgment of the trial court is affirmed.

VAN OSDOL and COIL, CC., concur.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

All concur.