## 11054

### STATE v. EPPS

### (114 S. E., 631)

1. HOMICIDE—ALL AIDING AND ABETTING ARE PRINCIPALS.—An assault and battery with intent to kill being a misdemeanor, all who were present aiding and abetting the actual perpetrator are principals.

2. HOMICIDE—WHERE ADMISSIONS IN RECORD SHOW THAT THERE WAS NO TESTIMONY TO SUPPORT CONVICTION, REFUSAL TO DIRECT VERDICT HELD ERROR, AND DEFENDANT WILL BE DISCHARGED.—Where, in a prosecution for assault with intent to kill, there were admissions in the record to the effect that there was no testimony tending to show a conspiracy, or that one of the defendants aided, abetted or acted as principal in the commission of the misdemeanor charged, a verdict should have been directed as to that defendant, and he is entitled to a discharge, under Supreme Court rule 27 (90 S. E., xii).

Before SEASE, J. Spartanburg. Reversed.

Kate Epps, alias Cat Epps, indicted with Will Bobo for assault and battery with intent to kill. Upon conviction of both, Epps appeals.

*Messrs. L. G. Southard* and *C. P. Sims,* for appellant, cite: *Presence at crime does not make one a principal unless he aided and abetted:* 16 C. J., 132. *No distinction between principals in the first and second degree:* 18 S. C., 177; 51 S. C., 284; 79 S. C., 73. *If two act in concern both are principals:* 70 S. C., 73.

MR. I. C. BLOCKWOOD, *Solicitor,* for the State.

November 14, 1922.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

"The defendant appellant, with Will Bobo, was tried in the Court of Sessions for Spartanburg County, charged with conspiracy to rob and to assault with intent to kill one J. E. Whisonant, and also with assault and battery with intent to kill. The jury convicted them both on both charges. Judge Sease set the verd'ct of guilty of conspiracy aside, and sentenced them to serve for six years on the charge of assault and battery with intent to kill. Thereupon Kate Epps, alias Cat Epps, gave notice of his intention to appeal to the Supreme Court."

After the State rested, the following took place:

"The defendant Kate Epps then made a motion that as to him a verdict of not guilty be directed, for the reason that there was no testimony that he shot Mr. Whisonant; neither was there any testimony that he in any w'se aided or abetted in the commission of any crime; that the only testimony against him was that he ran when Mr. Whisonant was shot, and the testimony of Vick Pruitt that she had heard Will Bobo tell him after the shooting to come on in the house and do as he said; that he was indicted as a principal and not as an accessory.

"The Court: The motion is overruled."

The appellant's exceptions are as follows:

"Exception 1. That his Honor erred in refusing to direct a verdict of not guilty as to him, in that he was indicted as a principal; that there was no testimony that he shot; neither was there any testimony that he in any wise aided or abetted in the commission of the crime.

"Exception 2. That after the case had closed his Honor erred in not directing a verdict of not guilty as to him, in that there was no testimony on the whole case to go to the jury, there being a total lack of evidence that he fired the shot, or that he had any part, and that he aided, or that he abetted; that, if held, he must be held on the law of a principal, he not being indicted as an accessory; and further, that it was not against the law to run, neither was it against the law to keep silent.

"Exception 3. That his Honor erred in refusing to set aside the verdict on the ground that there was no testimony that he did the shooting, or that he in any wise aided or abetted in·it, or had any part in it."

The record contains the statement that there was no testimony that the defendants had formed a conspiracy, neither was there any testimony that Kate Epps aided, abetted, or in any wise acted as a principal.

The offense of which the defendant Kate Epps was convicted and sentenced, was a mere misdemeanor; and, in such case, all who are present, aiding and abetting the actual perpetrator, are principals. *State v. Hunter,* 79 S. C., 73; 60 S. E., 240.

As the admissions in the record are to the effect that there was no testimony tending to show a conspiracy nor that the appellant aided, abetted, or in any wise acted as a principal, it necessarily follows that his Honor erred in refusing his motion for a directed verdict as to him; and the appellant is entitled to a discharge under rule 27 (90 S. E., xii), of the Supreme Court.

Reversed.