11284

STATE v. SMITH

(118 S. E., 626)

1. CRIMINAL LAW—DIRECTION OF VERDICT FOR ONE DEFENDANT NOT ACQUITTAL OF ANOTHER, THOUGH EVIDENCE AGAINST EACH EQUAL IN STRENGTH.—Where defendants were jointly indicted for assault and battery with intent to kill, no conspiracy was alleged, and it was undisputed that the pistol in question was fired by one of the defendants, the direction of a verdict for one defendant did not have the effect of acquitting the other, even conceding that the testimony against each was of equal strength.

2. HOMICIDE—ALL PARTICIPATING IN ASSAULT TO KILL HELD PRINCIPALS. —An assault and battery with intent to kill is a misdemeanor, and all who participate therein are regarded as principals.

3. CRIMINAL LAW—JURY'S PROVINCE TO DETERMINE FORCE OF TESTIMONY.—It is the jury's peculiar province to determine the force and effect of the testimony.

Before MOORE, J., Lexington, January, 1922. Appeal dismissed.

Will Smith was convicted of assault and battery with intent to kill and he appeals.

*Messrs. Cole L. Blease* and *C. T. Graydon,* for appellant, cite: *General verdict of guilty where there are two counts,*

*and no testimony to support one of the counts is defective:*
61 S. E., 917; 70 S. E., 211; 91 S. E., 339; 99 S. E., 320.

*Mr. T. C. Callison, Solicitor,* for the State.

July 31, 1923.

The opinion of the Court was delivered by Mr. CHIEF
JUSTICE GARY.

In the charge of his Honor, the presiding Judge, to the
jury, the following facts are stated:

"The indictment in this case charges an assault and bat-
tery with intent to kill one Earle Asbill in this county and
State on a certain date stated in the indictment, and the two
defendants, Tillman Mayers and Will Smith, are charged
by this indictment with the crime. The indictment con-
tains the further count of carrying concealed weapons in.
this county and State at the same time and place by the de-
fendants.

"The defendants, upon being arraigned upon that indict-
ment, pleaded not guilty, and the question of the guilt or in-
nocence of the defendant Will Smith is now to be submitted
to you for determination. As to the defendant Tillman
Mayers, upon the close of the evidence in this case, on behalf
of the State and upon a motion of the defendant's attorney,
the Court has held that there is not sufficient evidence as
against the defendant Tillman Mayers, no evidence what-
ever against the defendant Tillman Mayers, upon which the
conviction could be had; that there was no evidence upon
which to convict or in any way pertaining to assault and
battery with intent to kill, and with no evidence of carrying
concealed weapons as against the defendant Tillman May-
ers. As to the other defendant, Will Smith, there is no
evidence of carrying concealed weapons, so that issue goes
out of the case as to that defendant likewise; but as to the
defendant, Will Smith, there is some evidence to be consid-
ered by you as to whether or not that defendant committed

the crime of assault and battery with intent to kill, or any other crime charged against him under any count in this indictment charging assault and battery with intent to kill.

"In ruling that there is some evidence to go to the jury the Court does not pass upon the sufficiency of the evidence, and the ruling of the Court is not to be taken by the jury as ·in any way indicating the opinion of the Court as to the guilt or innocence of the defendant, Will Smith. All that· the Court is called upon to decide upon such a motion is whether there is any evidence whatever to go to the jury, upon the question of the guilt or innocence of the defendant, Will Smith. So ·the issue here for your determination is whether it has been established by the evidence ·in this case that the defendant, Will Smith, in this county and State, upon a date named in the indictment, committed the crime of assault and battery with intent to kill. * * *"

The exceptions of the appellant are as follows:

"(1) That his Honor, the Circuit Judge, erred, it is respectfully submitted, in refusing to direct a verdict of 'not guilty' as to Will Smith, it being respectfully submitted that there was not sufficient testimony in the record to convict said Will Smith, and that the verdict should have been directed by the Circuit Judge in favor of said Will Smith as a matter of law.

"(2) That his Honor, the Circuit Judge, erred in refusing to dismiss the defendant, Will Smith, along with the defendant, Tillman Mayers, it being respectfully submitted that the evidence was the same and identical against each, and that the direction of one should have necessarily included the other.

"(3) That the verdict of the jury was contrary to the law and the evidence in the case, and was contrary to the instructions of the Circuit Judge, the jury having found a general verdict of guilty, whereas, under the testimony in the case and under the instructions of the Judge, the only

verdict which the jury could have found would have been 'guilty of assault and battery with intent to kill.'

"(4) That the Judge erred in refusing to grant a new trial in said matter on the ground: (a) That there was no evidence upon which a conviction could be had as to carrying concealed ·weapons; and (b) that there was not sufficient testimony to warrant the verdict—it being respectfully sub-· mitted that the verdict was a verdict entire, and that the Judge should have set the whole verdict aside, it being admitted that it could not stand as to the second count in the indictment.

"(5) That his Honor, the Circuit Judge, erred in charging the jury the law of conspiracy, there being no allegation in the indictment of conspiracy, and there being no proof of a conspiracy, and that the fact being that, Tillman Mayers having been found 'not guilty' by the Court, a conspiracy or charge of conspiracy under said indictment could not and would not lie, as no one could be guilty of conspiracy under an indictment against one person; the said error being that said charge upon the question of conspiracy tended to confuse the jury, and was highly prejudicial to the defendant, Will Smith."

The appellant's attorneys in their argument say: .

"There are five exceptions which can be considered in three groups:

"(1) The Circuit Judge should have directed a verdict as to the defendant Smith.

"(2) The verdict of the jury was contrary to the instruction of the Judge, and was error, the same being a general verdict of guilty on all counts.

"(3) The Circuit Judge erred in charging the law of conspiracy.

"An examination of the record will disclose that the testimony against Mayers was stronger than that against Smith, and a verdict was directed as to Mayers.   * * *  We submit

that, if either man was entitled to a direction of verdict as matter of law, it was Smith, and not Mayers, and that, if Mayers was acquitted as a matter of law, then certainly Smith should have been."

We will consider, first, whether his Honor, the Circuit Judge, should have directed a verdict as to the defendant Smith. It is an undisputed fact that the pistol was fired either by Will Smith or by Tillman Mayers. The crime for which they were jointly indicted was a mere misdemeanor, and, under the law, all were regarded as principals; therefore the direction of a verdict in favor of Tillman Mayers did not have the effect of acquitting Will Smith even conceding that the testimony against him was no stronger than it was against Tillman Mayers, especially when we take into consideration the fact that no conspiracy was alleged. *State v. Epps et al.* 122 S. C., 272; 114 S. E., 631. Furthermore, it was the peculiar province of the jury to determine the force and effect of the testimony against the defendant, Will Smith. The record shows that his Honor, the presiding Judge, directed the jury to find a verdict in favor of Will Smith on the count charging him with carrying a concealed weapon.

Appeal dismissed.

MESSRS. JUSTICES FRASER and MARION concur.

MR. JUSTICE WATTS (dissenting). The appellant's counsel thus states the case:

"The defendant was tried with one Tillman Mayers for assault and battery with intent to kill. At the conclusion of the State's case a motion for direction of verdict was made as to both defendants. It was granted as to Mayers and refused as to Smith.

"The case arose out of the alleged shooting of one Earle Asbill in a swamp in the nighttime by same while the Constables were watching for someone to come to some stilling apparatus and material in the swamp. There are five ex-

ceptions which can be considered in three groups:

"(1) The Circuit Judge should have directed a verdict as to the defendant, Smith.

"(2) The verdict of the jury was contrary to the instruction of the Judge, and was error, the same being a general verdict of guilty on all counts.

"(3) The Circuit Judge erred in charging the law of conspiracy."

As to the directed verdict asked for: The evidence shows that there were two men. One had a pistol and flashlight. The light was thrown and witnesses recognized Smith. No witness puts a pistol in Smith's hands. Mayers had the flashlight and by the light of the flashlight witness recognized Smith. Smith went to the barrel by the light held by the other man. The other man did not go to the barrel. None of the witnesses recognized the man who actually did the shooting. Earle Asbill, the one who was shot, said:

"That they got there about nine o'clock, and waited for a while until they heard a boat coming down, and that he was sitting near a tree; that one of the men got out of the boat, the taller one of the two, and came up with a flashlight in one hand and a pistol in the other, and came up and shot several times, and hit the witness once; that witness did not recognize either one of them at all; that witness was between Mr. George W. Asbill and the other man who did the shooting."

Under the evidence in the case the appellant should not have been convicted. Even if he was there with his codefendant who violated the law as to distilling, that was a misdemeanor and not a felonious act. He might have been acting in concert with his codefendant to violate the law as to distilling, with no intent to participate in a shooting. His Honor having directed a verdict of not guilty as to his codefendant, his charge as to the law of conspiracy was prejudicial to the appellant, as the case, when

submitted to the jury, had narrowed down as to whether he, himself, did the shooting. The evidence admits of no other inference than that the man who had the flashlight and pistol did the shooting, and not the appellant.

The motion for a directed verdict should have been granted, I think, and judgment should be reversed.

MR. JUSTICE COTHRAN concurs.