**ANDERSON v. EIDSON.**

No. 14354.

United States Court of Appeals
Eighth Circuit.

Oct. 19, 1951.

Harold Anderson, pro se.

J. E. Taylor, Atty. Gen. State of Missouri, Gordon P. Weir, Asst. Atty. Gen., and Richard H. Voss, Asst. Atty. Gen., for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and RIDDICK, Circuit Judges.

WOODROUGH, Circuit Judge.

Harold Anderson is confined in the Missouri State Penitentiary under four sentences of imprisonment imposed upon him on the same day in February, 1932, by the Circuit Court of Jackson County, Missouri, pursuant to his pleas of guilty to four informations against him, to serve terms aggregating 47 years.

The informations all bore date February 25, 1932, and charged all the offenses, each being a felony, to have been committed on the day before—February 24, 1932. The felonies charged and sentences imposed were: (1) Larceny of a motor vehicle, 2 years; (2) Assault with intent to rob, 5 years; (3) Robbery, first degree, of a rifle valued at $5.00, 40 years; (4) Crime against nature with a male person, 40 years.

In 1950 Anderson applied to the Circuit Court of Cole County, Missouri, for a writ of habeas corpus, which was denied, and shortly thereafter he applied for the writ to the Supreme Court of the State, where it was again denied. The Supreme Court of the United States thereafter denied certiorari. In January, 1951, Anderson filed his petition for habeas corpus in the federal District Court in Missouri and that court also entered its judgment denying the writ. No other judicial proceedings for relief from the imprisonment have been had except that appellant now prosecutes this appeal from the judgment of the District Court which denied the writ. The appeal is in forma pauperis pursuant to the declaration of the judge of the District Court that he deems the appeal meritorious.

The gist of Anderson's crudely drawn petition for habeas corpus, liberally construed in his favor as it must be, is that the four judgments of conviction and sentence entered against him in the Circuit Court of Jackson County, Missouri, were arrived at without due process of law, contrary to the federal constitution, in that: In February, 1932, he was only 18 years old and "his schooling had extended no further than the 7th grade." He was "ignorant and unlearned." He was arrested by the Kansas City police while he was intoxicated and was severely beaten while he was being driven to the police station. He was there "held incommunicado," "intimidated by police brutality," "bewildered and confused," and then, within 72 hours after his arrest he was taken before the Circuit Court and "compelled to plead guilty" to four separate informations there filed against him. Each charged an unrelated, distinct and separate felony. One charged a capital offense punishable by death. He did not understand the charges nor the meaning nor significance of what was being done or said to him. The sentences were imposed immediately. He never had the advice or assistance of a lawyer at any time before the sentences to 47 years imprisonment were imposed upon him and he was sentenced and started to the penitentiary within 72 hours of the time that he was said to have committed the crimes and was arrested.

The return of the warden to the petition for the writ was filed on his behalf by the Attorney General of Missouri and recited the four informations filed against Anderson, the statutory penalties therefor which included "Death" on the first degree robbery charge, Anderson's pleas of guilty, and the sentences. It alleged that Anderson's petitions for habeas corpus in the Circuit Court of Cole County and in the Supreme Court of Missouri "raised the identical question presented in the instant

petition and both courts ruled that question adversely to petitioner but only after hearing." It asserts that "It is a well settled principle in Federal Courts that where a given proposition has been submitted to the highest court of a state and certiorari is denied by the United States Supreme Court, a Federal District Court should proceed with extreme caution before it takes jurisdiction in a habeas corpus proceeding, and that jurisdiction should only be taken when a clear showing is made of the existence of circumstances of peculiar urgency." "It is respectfully submitted that this is not a case wherein exist circumstances of peculiar urgency warranting the issuance of a writ of habeas corpus."

On the hearing of the petition for the writ in the federal court the judge declared, i. e.: "It is rather difficult to understand how an 18-year-old boy, whatever the charges against him may have been, would be sentenced to 47 years in the penitentiary without the benefit of counsel. There is no record here indicating that he was advised of his right to have counsel appointed, or to the benefit of legal advice." "I entertain a strong feeling that justice demands that an 18 year old boy should be provided with counsel, regardless of whether he requested it or refused it, considering that the offenses with which he was charged were of a most grave nature and that all were committed and the defendant charged, arraigned and sentenced within a period of three days." "If it were a case arising under the federal jurisdiction, I would unhesitatingly grant the writ and review the matter, but, under the circumstances, I hesitate to review an application that has been fully passed on and determined by the highest court of the state with respect to a conviction for an offense under the state law. For that reason the writ will be denied." In effect the District Court refused to exercise jurisdiction to pass upon the merits of the petition for the writ and accordingly denied it.

 Undoubtedly the fact that Anderson had applied for habeas corpus to the Circuit and Supreme Courts of the State of Missouri and had been accorded hearings and had applied for certiorari and had been refused relief, fully justified the greatest care and circumspection on the part of the federal district judge in taking up the petition for habeas corpus which was presented to him. But the federal constitution forbids any State to deprive any person of liberty without due process of law. Anderson is deprived of his liberty by the State of Missouri through the judgments of its courts. The federal court will not inquire into his claim that the judgment is invalid for want of due process until he has exhausted his State remedies. He has exhausted them when the Supreme Court of the State has entertained and granted hearing upon and denied his application for habeas corpus and remanded him to the custody of the warden to serve the sentences, and certiorari was denied by the United States Supreme Court. Sampsell v. People of State of California, 9 Cir., 191 F.2d 721.

 The record of the petition and the judgment thereon in the Missouri Supreme Court has been brought up. It shows that court's judgment does not include any finding or indication that Anderson had had the benefit of counsel when he was arraigned and required to plead to the charge of the capital offense and other felonies simultaneously presented and enforced against him. The court held, as shown by its judgment, that Anderson "was afforded the opportunity to consult counsel and friends * * * and was advised of his rights." Anderson's contention that he had been denied due process because no counsel was appointed for him and he had never had the benefit of counsel was ignored.

In that state of the record presented to the federal District Court we think that court erred in refusing to entertain the petition for the writ. In Bute v. People of State of Illinois, 333 U.S. 640, loc. cit. 676, 68 S.Ct. 763, loc. cit. 781, 92 L.Ed. 986, the Supreme Court of the United States declared, "this Court repeatedly has held that failure to appoint counsel to assist a defendant * * * where charged with a capital crime is a violation of due process of law under the Fourteenth Amendment."

On its face therefore Anderson's petition was sufficient to present a substantial issue as to the validity of the sentence imposed on account of the capital offense charged against him. There was federal jurisdiction of his petition by reason of his exhaustion of State remedies. Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761.

The sentence as to two of the non-capital offenses charged aggregating seven years may have been served by now. The record does not show.

■ The sentence of forty years in respect to the charge of the crime against nature asserted against Anderson was made to run concurrently with the sentence of 40 years in respect to the capital offense. But one single act of homosexuality was alleged against the very young man charging him with the passive part of the offense, and it is not credible that the 40 year sentence was completely unrelated to the capital and other crimes charged and pleaded to. In the Bute case, supra, the Supreme Court said, 333 U.S. loc. cit. 677, 68 S.Ct. loc. cit. 782, "In a noncapital state felony case, this Court has recognized the constitutional right of the accused to the assistance of counsel for his defense when there are special circumstances showing that, otherwise, the defendant would not enjoy that fair notice and adequate hearing which constitute the foundation of due process of law in the trial of any criminal charge."

■ Though ordinarily each separate sentence imposed upon conviction under separate charges must stand on its own bottom on appeal, habeas corpus reaches through such matters of form to realities. Anderson's plea of guilty to the charge of the capital offense put his life at the mercy of the court. That left him in no position to make demands upon that same court for "fair notice and adequate hearing which constitute the foundation of due process of law" in respect to the other felony charges against him. His supreme peril under the capital charge completely overshadowed the risks under the other charges and rendered futile any attempt on his part to demand fair notice or adequate hearing

in respect to them. He was brought to the bar for arraignment upon all of the charges at the same time and his need for and right to have a lawyer's counsel and assistance can only be measured by the position in which he stood when the police brought him from the jail to the bar of the court. It is clear under the decision of the Supreme Court of the United States in the Bute case, supra, and the cases cited therein, 333 U.S. at page 676, 68 S.Ct. 763, that he was then and there entitled under the federal constitution as an essential element of due process to have the advice and assistance of counsel. The jurisdiction is vested in the District Court to inquire into the cause of the prisoner's detention and to grant him the writ of habeas corpus if on trial of the issues it is found that he has been convicted, sentenced and imprisoned without due process of law.

The judgment appealed from is therefore reversed and the cause remanded to the District Court with direction to accord a trial on the merits.

Reversed and remanded.