## HOUSTON v. EIDSON.
### No. 8334.

United States District Court
W. D. Missouri, W. D.

Jan. 22, 1954.

Supplemental Opinion March 31, 1954.

C. M. Combs, Jr., Kansas City, Mo., for petitioner.

John M. Dalton, Atty. Gen., State of Missouri, Samuel M. Watson, Asst. Atty. Gen., for respondent.

RIDGE, District Judge.

Petitioner was sentenced to life imprisonment in the Missouri State Penitentiary, for murder in the first degree, by the Circuit Court of Mississippi County, Missouri. Subsequent to his confinement, therein, he instituted habeas corpus proceedings in the Circuit Court of Cole

County, Missouri, seeking his release on a claim of denial of due process of law occurring at his trial. After hearing held on said petition, the Circuit Court of Cole County found "that the petitioner was convicted without due process of law for the reason that the (sentencing) Court did not give petitioner's counsel sufficient time to prepare petitioner's defense adequately, and that on this account the purported trial given petitioner is null and void as are likewise the judgment and sentence pronounced against him by the Circuit Court of Mississippi County, Missouri, for murder on October 23, 1940." (Par. added.) Said Court ordered petitioner released from custody of respondent and "remanded to the Sheriff of Mississippi County, Missouri, to be dealt with in accordance with the law."

Thereafter, the Circuit Court of Mississippi County, Missouri, on motion of the Prosecuting Attorney of said County, entered the following order of record (caption omitted):

"Now at this time comes Marshall Craig, Prosecuting Attorney, as well as the defendant in his own proper person and by Joslyn & Joslyn, his attorneys, and the motion to remand the defendant to the penitentiary, heretofore filed by the Prosecuting Attorney, is now taken up and submitted to the court and the court, having seen and heard said motion and being now fully advised, sustains said motion and orders the defendant remanded back to the penitentiary in accordance with the memorandum opinion filed herein which is set out as follows, to wit:—

"'Memorandum Opinion

"'This action is based on a motion to remand defendant, Frank Houston, to the State penitentiary. He was convicted in this Court on October 11th, 1940; and his punishment assessed at life imprisonment in the State Penitentiary; he was thereafter, on October 23rd, 1940, allowed allocution and failing to show

any cause why sentence should not be pronounced, the Court thereupon sentenced said defendant to the State Penitentiary to serve during the period of his natural life from October 23rd, 1940.

"'The records of the Court import verity, and may not be impeached in a collateral proceeding, such as habeas corpus, by parole or other evidence to contradict the record.

"'The Court relies on the cases of Young v. Parker, 355 Mo. 245, 195 S.W.2d 743; Montgomery v. Parker, Mo.Sup., 195 S.W.2d 745; In re Lydia Sisk, 305 Mo. 328, 265 S.W. 536; Flansburg v. Kaiser, Mo.Sup., 184 S.W.2d 1004.

"'Under the foregoing decisions the Court sustains the motion to remand the defendant to the penitentiary.

"'J. Henry Caruthers,
"'Special Judge'"

"It is therefore ordered and adjudged by the court that the Sheriff of this County shall, without delay, remove and safely convey the said defendant Frank Houston, to the penitentiary of the State of Missouri, there to be kept, confined and *trated* in the manner directed by law under and by virtue of the sentence imposed on the defendant, Frank Houston, the 23rd of October, 1940, in this cause in the Circuit Court of Mississippi County, Missouri, and that the Warden of said penitentiary is required to receive and safely keep him, the said defendant, Frank Houston, in the penitentiary aforesaid, until the judgment and sentence of this Court of October 23rd, 1940 be complied with, or until the said defendant, Frank Houston, shall be discharged by the due course of the law.

"It is further considered, ordered and adjudged by the Court that the state have and recover of the said defendant, Frank Houston, its costs

and that hereof execution issue therefor."

After said order was entered of record in the last-mentioned Court, petitioner was returned to the penitentiary and again placed in the custody of respondent. (The Circuit Court of Cole County, and the Circuit Court of Mississippi County, Missouri, are courts of coordinate jurisdiction.)

December 11, 1951, petitioner filed a petition for writ of habeas corpus in the Supreme Court of the State of Missouri, in which he alleged, among other things, that he was being "unlawfully deprived of his liberty" by respondent in (1) "That the judgment and sentence under which he is restrained of his liberty has been declared to be null and void by judgment of the Circuit Court of Cole County, Missouri," and (2) "For all the reasons asserted in his petition for writ of Habeas Corpus filed in the Circuit Court of Cole County, which said petition is made a part hereof." (A copy of the last-mentioned petition was attached to the petition for writ of habeas corpus filed in the Supreme Court of Missouri.) Thereafter, the Supreme Court of Missouri ordered a writ of habeas corpus to issue, returnable forthwith, and set the same for hearing on January 19, 1952. January 18, 1952, respondent filed return in that proceeding, alleging that he had lawful custody of petitioner and that "The legal authority and true cause of such custody and restraint is the judgment of the Circuit Court of Mississippi County, made and entered of record the 23rd day of October, 1940, * * *". January 19, 1952, the following judgment was entered by the Supreme Court of Missouri, in said proceedings (omitting caption):

"Now at this day, come again the parties aforesaid, by their respective attorneys, and submit the cause to the court on evidence and arguments of counsel.

"And now the court here being now sufficiently advised of and concerning the premises, doth find that the petitioner is being lawfully held in custody by the respondent and is not entitled to the relief prayed for in his petition herein.

"It is therefore considered and adjudged by the court that the writ of habeas corpus heretofore issued herein be, and the same is hereby quashed and the petitioner is remanded to the custody of the said respondent."

In the transcript of proceedings before the Missouri Supreme Court, the following also appears:

"And thereafter and on the 19th day of June, 1953, the following further proceedings were had and entered of record in said cause, to-wit:

"State of Missouri          Respondent,
                 vs.
"Frank Houston,          Petitioner.

"Now at this day there is filed in the above entitled cause a mandate from the Supreme Court of the United States denying a writ of certiorari.

---

"Which said mandate of the Supreme Court of the United States is in words and figures following, to-wit:

"Supreme Court of the United
                States
"No. 505 Misc. ——, October
          Term, 1952

"Frank Houston,          Petitioner,
             vs.
"State of Missouri

"On petition for writ of Certiorari to the Supreme Court of the State of Missouri.

"On consideration of the petition for a writ of certiorari herein to the Supreme Court of the State of Missouri, It is ordered by this Court that the said petition be, and the same is hereby, denied, for the reason that application therefor was not made within the time provided by law. 28 U.S.C. 2101(d); Rule 38½ of the Rules of this Court [28

U.S.C.]." [See 345 U.S. 1003, 73 S.Ct. 1145, 97 L.Ed. 1408.]

Petitioner, by leave of Court, has now filed *in forma pauperis* in this Court petition for writ of habeas corpus substantially in form as that filed and submitted by him to the Supreme Court of the State of Missouri. Said petition, as all previous pleadings filed by petitioner as above referred to, manifests considerable ignorance, if not total incomprehension, of legalistic requirements of pleadings, and a very slight knowledge, if any, of court procedure. Disregarding the form thereof, as we are admonished to do, United States v. Morgan, 346 U.S. 502, 74 S.Ct. 247 and Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761, it appearing that sufficient facts were alleged therein indicating exhaustion of state remedies as to satisfy the mandate of Section 2254, Title 28 U.S.C.A., we issued a show cause order thereon. The return of respondent thereto raises the same issues as to lawful custody over petitioner as submitted to the Circuit Court of Cole County, Missouri, and the Supreme Court of the State of Missouri, as above mentioned. Respondent also presents the additional issue of failure to exhaust state remedies because petitioner has not followed procedure available to him under Rule 27.26 of the Rules of Criminal Procedure, promulgated by the Supreme Court of Missouri April 14, 1952, 42 V.A.M.S.

Petitioner by reply joins issue with the allegations of said return and presents the following propositions: (1) The Supreme Court of Missouri having entertained petitioner's application for writ of habeas corpus, granted hearing thereon, and remanded petitioner to the custody of respondent; such facts fulfill petitioner's duty pertaining to exhaustion of state remedies under the particular factual situation here involved, and Rule 27.26, supra, is inapplicable thereto; and (2) that a writ of habeas corpus having been issued by the Circuit Court of Cole County, Missouri, as above described, the Circuit Court of Mississippi County, Missouri, could not,

in light of Section 532.550, RSMo 1949, V.A.M.S., legally order the remand of petitioner to the custody of respondent under a judgment and sentence from which he had been so discharged. After joinder of issue as above, a writ of habeas corpus was issued herein. At the hearing thereon, neither party adduced any testimony; each side consentfully making oral statements regarding facts and the issues. Respondent appearing by an Assistant to the Attorney General of the State of Missouri, stated in open court:

"If the Court please, it is the respondent's position that the only two questions before the Court here are, (1) whether the petitioner has exhausted his remedies in the state courts of the State of Missouri and (2) whether the papers submitted in justification of the retention of custody by the warden are adequate to warrant that imprisonment, and that question, of course, comprehends the question as to whether or not, when the Circuit Court of Cole County declared the judgment whereby the petitioner could be thereafter held on the basis of that judgment and sentence, even though he had been remanded by order of the Circuit Court of Mississippi County."

\*     \*     \*     \*

"Now, as to the effect of the order of the Circuit Court of Cole County, I don't feel that I am in a position to take a very strong stand. That matter was before the Supreme Court of the State of Missouri, and the Supreme Court of the State of Missouri seemed to hold, although there was no opinion, it seemed to hold that the papers under which this prisoner was being incarcerated were valid and effective. I think it was within the jurisdiction of this Court, however, to determine that question. I think that that substantially covers all that we have to say on behalf of the respondent."

In light of the state of the pleadings, and manner of submission of this cause to this Court, (sans briefs and fortifying authorities by either party, except such as are cited in the pleadings) we believe respondent's stated position in relation to the issues presently before the Court might be adopted and that our inquiry into the lawfulness of the detention of petitioner should be so circumscribed. However, before we may accordingly proceed, we must first determine what federal constitutional question, if any, is thus and thereby presented to this Court for decision. In our opinion, such a determination can only be made from a consideration of applicable habeas corpus procedure under Missouri law; the issues that were determinable and apparently determined by the Courts of that State in the several habeas corpus proceedings instituted thereunder; and a consideration of the relation of the several courts of Missouri in the legal hierarchy of that State, which have considered petitioner's present status of confinement. If, from a consideration thereof, it appears that petitioner has exhausted his state remedies and he is being denied due process of law, or equal protection of the law, judged by federal constitutional standards, then, and only then, may we proceed to consider the issues as above limited.

■ Petitioner has exhausted his state remedies. At the time the Circuit Court of Cole County, and the Supreme Court of Missouri, finally adjudicated and determined the habeas corpus proceedings above considered, Rule 27.26, Rules of Criminal Procedure for the Courts of Missouri, had not been promulgated, nor was it then effective. Said rule was first promulgated by the Supreme Court of Missouri April 14, 1952, to become effective January 1, 1953. The writ of habeas corpus was denied petitioner by the Supreme Court of Missouri, January 19, 1952. When the highest court of a state has examined into and finally adjudicated a federal constitutional question by then available state procedure, we do not believe that a change

of procedure, or the addition of another and new method of procedure for review of such question can or should be considered under the doctrine of exhaustion of state remedies. By procedure then available to petitioner, the Courts of Missouri have given a full and conclusive answer to his claim that he was denied due process of law at his murder trial, and under such circumstances we do not believe that he should be required to resort to other auxiliary procedure that has become subsequently available, to have that matter again determined. Cf. Wade v. Mayo, 334 U.S. 672, 68 S.Ct. 1270, 92 L.Ed. 1647. Furthermore, Rule 27.26, supra, does not appear applicable to petitioner's present state of confinement, and the issues here presented. Petitioner is not presenting to this Court the constitutional issue of inadequacy of counsel at his murder trial. He introduced no evidence on that issue. The claim he here makes is that a court of the State of Missouri has previously finally determined that constitutional question favorably to petitioner, and, notwithstanding, he remains deprived of his liberty in the custody of respondent, in denial of equal protection of the laws. Rule 27.26, supra, by its terms manifestly does not appear to cover a prisoner in custody under that status.

■ In the petition filed by petitioner in the Circuit Court of Cole County, Missouri, he alleged "that he (was then) held and deprived of his liberty without due process of law, contrary to the Constitution of Missouri and of the United States." (Par. added.) Petitioner did not particularize the provisions of either of said Constitutions that he relied on in support of that allegation. He did, however, cite certain Federal Court decisions and quotations therefrom which reveal that he was there claiming a deprivation of the "right to the effective assistance of counsel * * * secured * * * by the 'due process of law' clause of the XIVth Amendment" to the Constitution of the United States. From the issues joined and judgment entered in that proceeding, it is apparent that fed-

eral constitutional questions embodying the following propositions were submitted to and determined by that Court. (1) That the right to adequate representation by counsel in a capital case is embodied in the concept of due process of law as set forth in the Fourteenth Amendment to the Constitution of the United States, Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158 and is "implicit in the concept of ordered liberty". Palko v. Connecticut, 302 U.S. 319, 324–325, 58 S.Ct. 149, 152, 82 L.Ed. 288. (2) That "the [Federal] Constitution's guarantee of assistance of counsel cannot be satisfied by mere formal appointment", Avery v. Alabama, 308 U.S. 444, 446, 60 S.Ct. 321, 322, 84 L.Ed. 377, and when an asserted denial of due process is made in respect of any such claimed right it "is to be tested by an appraisal of the totality of facts in a given case." Betts v. Brady, 316 U.S. 455, 462, 62 S. Ct. 1252, 1256, 86 L.Ed. 1595. When issues regarding such matters are joined concerning a state court conviction and are finally affirmatively determined in a state court habeas corpus proceeding, such determination stands as conclusive an adjudication of such fact as if made in a federal forum. Ex parte Royall, 117 U.S. 241, 6 S.Ct. 734, 29 L.Ed. 868; Snypp v. State of Ohio, 6 Cir., 70 F.2d 535.

■ Under Missouri habeas corpus procedure, the determination made by the Circuit Court of Cole County, Missouri, that "petitioner was convicted without due process of law," and that the "judgment and sentence pronounced against him by the Circuit Court of Mississippi County, Missouri" was "null and void" for that reason, in a proceeding where the petition presented federal constitutional issues of due process as above, is and was a final determination of that factual matter by a court of the State of Missouri. After such adjudication and determination was made, it does not appear that any steps were taken to have the same reviewed by way of certiorari, or otherwise. So long as that judgment and order remain standing, it can only be considered that petitioner has judicially been found to be confined in the Missouri State Penitentiary without due process of law, in violation of the Constitution of the United States. The decision of the Circuit Court of Cole County, Missouri, in that respect, if final and conclusive, is a sufficient factual determination to warrant the issuance of a writ of habeas corpus by this Court in the instant proceedings.

■ Chapter 532, Missouri Revised Statutes 1949, V.A.M.S., regulates habeas corpus procedure for the Courts of the State of Missouri. Conformable thereto, and so far as presently applicable, one held in custody on a charge of crime or misdemeanor in that State must in the first instance make application for a writ of habeas corpus to the Circuit Court for the County in which he is held in custody. 532.030, RSMo 1949, V.A. M.S. The Missouri State Penitentiary is located in Cole County, Missouri. No appeal lies from an order granting a writ of habeas corpus under Missouri procedure. State ex rel. Gentry v. Westhues, 315 Mo. 672, 286 S.W. 396, 398. When a person "has been discharged, by the order of any court or magistrate, upon a writ of habeas corpus issued pursuant to" the above chapter, he cannot "be again imprisoned, restrained or kept in custody for the same cause" except under certain conditions not presently pertinent. 532.550, RSMo 1949, V.A.M. S. It is a part of habeas corpus procedure in said State that in "cases of the present character—criminal cases involving the issue of due process under the State and Federal Constitutions—" the Supreme Court of Missouri will review, by way of certiorari decisions of the Circuit Courts of that State, granting such writs; and, in those particular certiorari proceedings said Court will also review "extraneous evidence (which) bears on that issue (of due process) and does not impeach the judgment rendered." (Par. added.) State ex rel. Stewart v. Blair, Judge, 1948, 357 Mo. 287, 208 S.W.2d 268, 277. Hence, it is seen that under Missouri habeas corpus procedure when

a writ of habeas corpus is granted by a Circuit Court of that State, such judgment and order is final and not appealable, and that the only procedure available to have the same reviewed is by way of certiorari.

However, in Young v. Parker, 1946, 355 Mo. 245, 195 S.W.2d 743, the Supreme Court of Missouri entertained an original proceeding in habeas corpus, where, as in the case at bar, the Circuit Court of Cole County had previously issued a writ of habeas corpus and ordered the petitioner who was confined in the State Penitentiary returned to the Circuit Court of St. Francois County, "to be dealt with according to law" because that Court found, as a fact, that the judgment of conviction of the prisoner there considered was void because petitioner had not been accorded the right to be represented by counsel when he entered pleas of guilty. In that original proceeding before the Supreme Court, "petitioner's sole reliance" for release from custody, was "upon the judgment of the Circuit Court of Cole County" granting such writ. The Supreme Court of Missouri, in denying a writ of habeas corpus to that petitioner, held that a judgment and sentence for a capital crime in Missouri Courts is not subject to collateral attack by way of habeas corpus; that the Circuit Court of Cole County could not determine by extraneous evidence, where recitals in a judgment of conviction showed contra, that petitioner was not represented by counsel, even though the Assistant Attorney General who represented the Warden in that action admitted that the judgment recital was untrue. In that case, as here, after the Circuit Court of Cole County remanded Young to his sentencing court, that court, on motion of the Prosecuting Attorney, remanded Young to the custody of the Warden of the State Penitentiary. Cf. also Sisk v. Wilkinson, 1924, 305 Mo. 328, 265 S.W. 536; Flansburg v. Kaiser, Mo. Sup.1945, 184 S.W.2d 1004.

In State ex rel. Stewart v. Blair, supra, 1948, the Supreme Court of Missouri apparently recedes from that view. In the Stewart case, it said, 208 S.W.2d loc.cit. 277: "In our opinion a denial of due process is tantamount to an excess of jurisdiction, at least. Our case law on that point has been restrictive, whereas the general doctrine admits facts bearing strictly on that issue." In that case, the Court specifically ruled that evidence which is confined to jurisdictional issues may be considered in a state habeas corpus proceeding, and as above indicated extended the utility of the writ of certiorari in "criminal cases involving the issue of due process" to review such extraneous evidence when adduced in "cases of the present character".

In light of the foregoing, we are at a loss to understand the import of the judgment the Supreme Court of Missouri entered on the 19th day of January, 1952, in the habeas corpus proceeding instituted by petitioner in that Court, particularly when petitioner placed in issue in that action the judgment of the Circuit Court of Cole County granting him a writ of habeas corpus; as well as the issue of his claim of denial of due process of law by the Circuit Court of Mississippi County. (The latter issue was presented to the Supreme Court by reference to the petition that was filed in the Circuit Court of Cole County, and attached to the petition filed in the Supreme Court.) The Supreme Court, we know, held a hearing in that action and denied the petition for a writ of habeas corpus. There is nothing before us to show, however, that the Supreme Court considered a transcript of the record, or undertook any other review of the proceedings previously had in the Circuit Court of Cole County; nor that it intended by the judgment it rendered in that habeas corpus proceeding then before it, to quash, vacate or nullify the judgment so previously entered by the Circuit Court of Cole County.

As the record stands before us, we apparently have two judgments of Courts of the State of Missouri, both of which appear to be final and conclusive under Missouri habeas corpus procedure; contrariety in their findings, and dia-

metrically opposite in their adjudication of identical federal constitutional factual questions presented by petitioner, a citizen of Missouri. Under such circumstances, it would seem that Missouri is denying to petitioner the equal protection of the laws, and that he is being denied due process of law as guaranteed by the Fourteenth Amendment to the Constitution of the United States. Bute v. People of State of Illinois, 333 U.S. 640, 68 S.Ct. 763, 92 L.Ed. 986; Anderson v. Eidson, 8 Cir., 191 F.2d 989.

■ We recognize the superintending control that the Supreme Court of Missouri has over the inferior courts of that State, and its power of finality of determination. However, in the instant matter, under habeas corpus procedure as established by the Legislature of Missouri, it appears that the judgment of the Circuit Court of Cole County, in granting petitioner a writ of habeas corpus as above, is just as final a determination as that of the Supreme Court denying petitioner such a writ on the same identical issue and facts. In light of Section 532.550, RSMo V.A.M.S., supra, we do not believe that the Circuit Court of Mississippi County, a Court of coordinate jurisdiction with that of the Circuit Court of Cole County, could without denying to petitioner the equal protection of the law, remand petitioner to the custody of respondent, after he had been discharged from its judgment of conviction by the Circuit Court of Cole County. Neither does it seem that the Supreme Court of Missouri could, without denying petitioner due process of law, premise the judgment entered by it on that remand, or the original judgment of conviction, without first quashing the previous final judgment and decree entered by the Circuit Court of Cole County.

This Court is not presently positioned to resolve the legal dilemma apparently surrounding respondent's custody of petitioner. If we accept the finding of denial of due process, and treat as final the judgment entered by the Circuit Court of Cole County, and should premise our writ of habeas corpus thereon, we could not be certain that we were not adjudicating a State procedural matter contrary to a previous decision of the Supreme Court of Missouri. If we accept the finding and judgment of the Supreme Court of Missouri, though the same would not in the instant case be binding upon us, but which we would be compelled to consider and would greatly influence us in determining any federal constitutional question presently confronting us, we might be compounding petitioner's legal dilemma.

■ The only Court that can, consistently with the preservation of constitutional balance between the state and federal sovereignty, begin the unravelment of petitioner's legal dilemma is the Supreme Court of Missouri. We do not presume to suggest to that Court that it undertake such task, or the procedure that may be used as a tool of unravelment. Whether certiorari may now be resorted to, to review judgment and decree of the Circuit Court of Cole County, Missouri, granting petitioner a writ of habeas corpus, is a matter wholly within the discretion of the Supreme Court of Missouri. Rule 1.03, Rules of the Supreme Court of Missouri, 42 V.A.M.S. It occurs to us that because of the very apparent conflict in the judgments of the Courts of Missouri, as above, and because we cannot determine the full import of the ruling of the Supreme Court of that State, we believe we should defer further action herein, so as to afford respondent an opportunity to sound out the above course of action. If such procedure is available, petitioner will not be prejudiced thereby. His right to a writ of habeas corpus under the issues here tendered depends solely on the finality and validity of the judgment and order of the Circuit Court of Cole County, Missouri. That is the only issue before this Court, and petitioner has the burden of establishing that matter. If the Supreme Court of Missouri, in certiorari proceedings, should hold that said judgment is not final and binding, or was not within the jurisdiction of that Court to enter,

petitioner would have the right to petition the Supreme Court of the United States to review such ruling by appeal or certiorari, if he was so disposed.

Further proceedings are hereby stayed herein for a period of 30 days. Respondent will, within that time, inform this Court of the action taken in the premises.

It is so ordered.

### Supplemental Opinion

The Court finds the facts to be as stated in the memorandum of this Court filed herein on January 22, 1954.

As of this date, petitioner remains in the custody of respondent, under the judgment of the Circuit Court of Mississippi County, Missouri, specifically referred to and set forth in the above memorandum.

It being made to appear to the Court that in the opinion of the Assistant Attorney General of the State of Missouri, appearing as counsel for respondent in the instant action, it is doubtful whether the Supreme Court of the State of Missouri will entertain an application for a writ of certiorari to review the judgment of the Circuit Court of Cole County, Missouri, specifically referred to in the aforesaid memorandum, in light of the fact that more than 8 years have elapsed since the judgment of said Court was entered of record.

Petitioner herein has exhausted all remedies available to him under the laws of the State of Missouri to have the legality of the judgment and sentence of the Circuit Court of Mississippi County, Missouri, under which he is presently detained by respondent, considered and reviewed in the light of the judgment and decree of the Circuit Court of Cole County, Missouri, holding petitioner's judgment of conviction "null and void" because "petitioner was convicted without due process of law."

### Conclusions of Law

The Court declares the law to be:

■ That the uncertainty of a remedy under Missouri procedure to have the judgment and decree of the Circuit Court of Cole County, Missouri, reviewed by the Supreme Court of the State of Missouri by way of certiorari, this Court has no discretion but to proceed to a final adjudication of the issues raised and presented by the petition for writ of habeas corpus and return of respondent filed herein.

■ Under Missouri habeas corpus procedure, the adjudication and determination by the Circuit Court of Cole County, Missouri, that the judgment of conviction under which petitioner is now detained in the Missouri State Penitentiary, as entered by the Circuit Court of Mississippi County, Missouri, was null and void, is and was a final determination of that matter; so that under Missouri law petitioner could not again be confined or detained under said judgment of conviction.

■ That the premise of the adjudication so made by the Circuit Court of Cole County, Missouri, was as to a Federal Constitutional question, duly raised and presented before said Court, and an adjudication of rights and privileges accruing to petitioner as a consequence of the Fifth and Fourteenth Amendments to the Constitution of the United States of America.

The subsequent recommitment of petitioner to the custody of respondent by the Circuit Court of Mississippi County, Missouri, after the judgment of conviction in that Court was held to be "null and void" by the Circuit Court of Cole County, Missouri, in a habeas corpus proceeding duly pending in the last-named Court, is and was a denial of due process of law as guaranteed to petitioner by the Fifth and Fourteenth Amendments to the Constitution of the United States, in that petitioner was denied the equal protection of the laws as enforced and available as remedies to petitioner in the State of Missouri.

Therefore, petitioner is presently detained in the custody of respondent in violation of the Fifth and Fourteenth Amendments to the Constitution of the United States.

A writ of habeas corpus is ordered to issue herein, directed to respondent, to forthwith release petitioner from any and all custody respondent claims to have over petitioner as a consequence of the judgment of conviction of the Circuit Court of Mississippi County, Missouri, for murder in the first degree, entered by said Court against petitioner under date of October 23, 1940.

Respondent is directed to inform this Court, within 5 days, as to the manner, means and time of compliance herewith.