16857

STATE v. SESSIONS

(81 S. E. (2d) 287)

*Messrs. James P. Mozingo, III,* and *Benny R. Greer,* of Darlington, and *Lonnie D. Causey,* of Conway, *for Appellant,*

*Messrs. J. Reuben Long, Solicitor,* and *J. M. Long, Jr.,* of Conway, *for Respondent,*

April 6, 1954.

OXNER, Justice.

Appellant was convicted of assault and battery with intent to kill and sentenced to imprisonment for a term of seven years. He seeks a new trial upon the ground that one of the witnesses for the State testified during his enforced absence from the courtroom.

In perfecting the appeal, counsel disagreed as to the extent of the testimony taken during appellant's absence and as to exactly what occurred when that fact was called to the attention of the Court. After hearing conflicting affidavits, the trial Judge, who stated that he remembered the incident very distinctly, settled the case for appeal in accordance with the contention of the State. His statement as to what transpired is final and not subject to review here. *Southern Pine Lumber Co. v. Martin,* 118 S. C. 319,

110 S. E. 804; *State v. Campbell,* 131 S. C. 357, 127 S. E. 439; *Thompson v. Bass,* 167 S. C. 345, 166 S. E. 346. The case as fixed by him discloses the following:

On the afternoon of the first day of the trial, the testimony of the prosecuting witness was taken. That night appellant was placed in jail. Court reconvened at 9:30 the next morning. Before he was brought to the courtroom by the officers, a defendant in another case was sentenced, and the case against appellant resumed. One of the State's witnesses, James Taylor, was then sworn and testified as follows:

"Q. Where do you work? A. Conway Hardware Company.

Q. Did you know George Sessions, Jr.? A. I do.

Q. Did you have occasion to see him on the 16th of August of this year? A. I did."

At this point, counsel for appellant called the Court's attention to the fact that his client was not present, and moved for a mistrial. About this time the officers brought appellant into the courtroom. The trial Judge thereupon requested the court reporter to read the foregoing testimony which had been taken during appellant's absence. The solicitor, at the suggestion of the Court, then asked each of the three questions again and the witness gave exactly the same answers.

Appellant argues that he was charged with a felony which necessitated his presence at every stage of the trial. The crime of assault and battery with intent to kill is a misdemeanor, *State v. Epps,* 122 S. C. 272, 114 S. E. 631; *State v. Smith,* 125 S. C. 307, 118 S. E. 626, and a person so accused may be tried in his absence. *State v. Rabens,* 79 S. C. 542, 60 S. E. 442, 1110; Rule 35 of the Circuit Court. But a defendant, although only charged with a misdemeanor, has a right to insist that he be present at all stages of his trial.

In the instant case, appellant did not voluntarily absent himself. His failure to be on hand promptly when court convened was due to the negligence of the officers. But we agree with the conclusion of the trial Judge that appellant was not prejudiced by the incident complained of. The motion for a mistrial was properly refused. The quoted testimony of the witness James Taylor taken during appellant's absence was merely introductory in nature, and was given in the presence of his counsel. When the officers brought him into the courtroom, the same testimony was repeated in his presence.

It is further contended that where it is shown that an accused has been deprived of the right to be present during any part of his trial, it is improper for the Court, regardless of the circumstances, to consider whether he has been prejudiced by such absence. We have held otherwise. *State v. Farne,* 190 S. C. 75, 1 S. E. (2d) 912.

Affirmed.

BAKER, C. J., STUKES and TAYLOR, JJ., and J. ROBERT MARTIN, JR., Acting Associate Justice, concur.