**Robert R. HOAG, Petitioner-Appellant,**

**v.**

**Waiter B. MARTIN, Warden of Attica State Prison, Respondent-Appellee.**

**No. 334, Docket 23351.**

United States Court of Appeals Second Circuit.

Argued June 14, 1955.

Decided June 29, 1955.

Amos J. Peaslee, Jr., New York City, for petitioner-appellant.

Abe Wagman, Asst. Atty. Gen. of the State of New York (Jacob K. Javits, Atty. Gen. of the State of New York, James O. Moore, Jr., Sol. Gen., Buffalo, N. Y., and Vincent A. Marsicano, Asst. Atty. Gen., on the brief), for respondent-appellee.

Before CLARK, Chief Judge, and MEDINA and HINCKS, Circuit Judges.

PER CURIAM.

The court wishes to express its appreciation of the able and conscientious presentation of this appeal by counsel acting at its request and on its assignment. Even though we are constrained to deny his appeal, petitioner may rest assured that his rights have been protected with skill and devotion.

Petitioner alleges that he was illegally allowed to plead guilty in the Richmond County Court to the crime of burglary in the third degree when the grand jury had indicted him only for robbery, petit larceny, and possession of a loaded weapon. His attempts to secure a remedy for this conviction in the New York state courts have included two unsuccessful applications there for writs of habeas corpus, and one for a writ of error coram nobis. Only the denial of coram nobis was ever taken to the New York Appellate Court, where the appeal was finally dismissed for want of prosecution after the petitioner had unsuccessfully tried to proceed in forma pauperis. Thus even if petitioner has raised a federal constitutional question, as to which there is some doubt, see Paterno v. Lyons, 334 U.S. 314, 68 S.Ct. 1044, 92 L.Ed. 1409, we cannot properly interfere in the legal processes of the state at this time, since he has failed to exhaust his state remedies. United States ex rel. Kalan v. Martin, 2 Cir., 205 F.2d 514.

Affirmed.