**George SESSIONS, Petitioner,**

v.

**Col. Wyndham MANNING,
Respondent.**

United States District Court
E. D. South Carolina,
Columbia Division.

Dec. 12, 1956.

George Sessions, pro se.

WYCHE, District Judge.

I have for consideration two petitions, styled as above, by petitioner George

---

Sessions, who appears to have been convicted in the Court of General Sessions of Horry County, South Carolina, in October 1952 of assault and battery with intent to kill and sentenced to imprisonment for a period of seven years. Both petitions appear to have been originally addressed to State court judge J. Frank Eatmon, Judge of the Third Judicial District of South Carolina, and after return by him on the ground of lack of jurisdiction, have apparently been readdressed to me.

■ One of the two petitions seeks a writ of habeas corpus on the alleged ground that petitioner "was denied his right to take the witness stand in his defense, in violation of both his State and U. S. Constitutional Rights." After examination of the record of the trial proceedings, I can find no factual basis to support the allegation that petitioner was denied the right to take the witness stand in his own behalf. It appears that petitioner did not in fact testify in his own defense. It also appears, however, that he was represented during his trial by an able and experienced attorney, and it can only be concluded that his failure to take the witness stand was based on the advice of counsel and represented his own decision in the matter at the time of his trial. Nothing in the record indicates that the trial judge or the state prosecutor had anything whatsoever to do with his failure to take the witness stand.

In any event it also appears that petitioner heretofore appealed his conviction to the South Carolina Supreme Court, which affirmed the judgment of the trial court, State v. Sessions, 225 S.C. 177, 81 S.E.2d 287, but did not see fit to raise the present point during the appeal. He also heretofore applied to United States District Judge George Bell Timmerman for a writ of habeas corpus on the same grounds raised during his State court appeal, but again did not raise the present question as a ground for his application. Judge Timmerman's denial of the writ was affirmed by the United States Court of Appeals for the Fourth Circuit in Sessions v.

Manning, 227 F.2d 324, certiorari denied 350 U.S. 1008, 76 S.Ct. 653, 100 L. Ed. 870, rehearing denied 351 U.S. 934, 76 S.Ct. 790, 100 L.Ed. 1462.

■■ The present point raised by petitioner is thus obviously an after thought which he did not think of sufficient merit to bring up during his aforesaid appeal to the State Supreme Court. Since petitioner has failed to exhaust his State court remedies, this Court is without jurisdiction to entertain his application for a writ of habeas corpus. Sessions v. Manning, supra; Hoag v. Martin, 2 Cir., 1955, 224 F.2d 277; Anderson v. Eidson, 8 Cir., 1951, 191 F.2d 989. It is well settled by innumerable authorities that an application for a writ of habeas corpus cannot be made a substitute for an appeal. Bozell v. Lindsay, 4 Cir., 1954, 216 F.2d 190, certiorari denied 348 U.S. 973, 75 S.Ct. 536, 99 L.Ed. 1268.

Petitioner's application for a writ of habeas corpus is therefore denied.

■■ Petitioner has also petitioned for credit in the service of his sentence for the so-called "dead time" which he served in the Horry County jail during the time between his conviction and the affirmance of his sentence by the State Supreme Court. This is a matter involving State law and the interpretation of a State statute, Section 55–11, 1952 Code of Laws of South Carolina, and consequently is a matter for redress in the State courts and not properly before this Court. Storti v. Commonwealth of Mass., 183 U.S. 138, 22 S.Ct. 72, 46 L.Ed. 120; Ferguson v. Manning, 4 Cir., 1954, 216 F.2d 188; Cavanaugh v. State of Maine, D.C.Me.1950, 88 F.Supp. 558. Moreover, since the period of petitioner's imprisonment would not yet have expired even if credit were given him for the time served prior to his commencement of service of sentence after affirmance by the State Supreme Court, his present petition is premature. Where a prisoner is presently being legally held, a court has no power to determine such questions as the future termination of his sentence. McDonald v. Johnston, 9 Cir., 1945, 149 F.2d 768; Spauld-

398

ing v. Sanford, 5 Cir., 1944, 142 F.2d 444.

Petitioner's petition for credit for his so-called "dead time" in the service of his sentence is therefore also hereby denied.

And it is so ordered.